\* RUIZ, HERMANOS, Appellants, *v.* NORTON *et* 　[359]
　　　　　*al.,* Respondents.

[1] Nonsuit, when Erroneous.—Under the former decision in this case, and the proofs proposed, the nonsuit of plaintiffs by the Court below was erroneous.

Appeal from the Fourth Judicial District.

On the second trial of this case, after the reversal of the judgment before reported, the counsel for the plaintiffs opened, by stating (after reading the pleadings), that they would prove the due execution of the contract of sale, set forth in the complaint; and that, when it was executed, the ship "Glyde," with a cargo of two thousand bags of Peruvian rice on board, was lying in the harbor of San Francisco, consigned to Godeffroy, Sillem & Co., who were the duly authorized agents of the plaintiffs (who resided out of this State), for the sale of the cargo, and were the general consignees of the ship, both the ship and cargo being the property of the plaintiffs; that all these facts were well known to the defendants; that immediately after the execution of the said contract, the ship was hauled alongside the wharf, and commenced discharging her cargo; that the defendants went on board, examined the rice, expressed themselves satisfied with it, and received it as it came on shore.

Of what was landed on that day, defendants sold and delivered on the wharf, to different purchasers, seventy-five bags, and carted the remainder (260 bags), by carts hired by themselves, to the storeship "Genessee," in which they had engaged storage for the whole cargo, at their own risk and cost, and for their own account; that the ship continued to discharge, from day to day, as fast as the weather would permit, until the landing of her entire cargo (which was two

---

[1] Cited in *Moore* v. *McKinlay,* 5 Cal. 474. See *Flint* v. *Lyon, ante* 17.

[360]   thousand bags of *rice), was completed; that during all the time the rice was being landed, one of the defendants was present, and received it, sold and delivered to various persons portions of it, and carted the balance to the storeship "Genessee," making no objection to its quality or condition; that the aggregate of the rice sold by the defendants and delivered to purchasers on the wharf, and that carted by them to the storeship "Genessee," was two thousand bags, of one hundred pounds each.

That after the rice was stored, the defendants sold various parcels, as they could find purchasers, and delivered them by their orders on the store-keeper of the "Genessee," with the assent of Godeffroy, Sillem & Co., amounting to two hundred and ninety-two bags, making, with what had been sold and delivered by the defendants on the wharf, four hundred and seventy-three bags, or forty-seven thousand and three hundred pounds, amounting to five thousand nine hundred and twelve dollars and fifty cents, at twelve and a half cents per pound.

That during the discharge of the ship, the defendants made two payments of one thousand dollars each, the second of which was made after nearly all the rice had been taken from the wharf, and no other payment had been made on account of the purchase; so that the portion actually disposed of by the defendants amounts, at twelve and a half cents per pound, to $3,912 50 over and above all payments. ·

That whenever the defendants called for rice, or sent orders for it, they received it.

That some time after it had all been removed from the wharf, the price of rice having fallen in the market to three or four cents a pound, the defendants refused to make any further payment, under the pretence that some of that remaining in store was not of the quality warranted, and that therefore this action was brought.

Upon this opening, the counsel for the defendants moved for a nonsuit, on the ground that, upon substantially the same state of facts, the Supreme Court had decided, in this case, that no action could be maintained.

Judgment of nonsuit against the plaintiffs was ordered by.* the Court, to which plaintiffs' counsel excepted, and from which this appeal is prosecuted.    [361]

*McAllister & Rose*, for Appellants.

*Botts & Emmett,* for Respondents.

Mr. Justice HEYDENFELDT delivered the opinion of the Court.    Mr. Ch. J. MURRAY concurred.

When this case was here before, we reversed the judgment upon the ground that the defendants were not allowed to prove the unsoundness of the article delivered, and we held that if the unsoundness was established, the plaintiff could not recover upon the contract; but, to the extent of the delivery of the rice, he might recover its value upon the common counts.    Upon this decision, we see no reason why the District Court should have granted a nonsuit upon the proof proposed.

Judgment reversed, and cause remanded.

———

NOTE.—This opinion was delivered at this Term.    The preceding opinion in the same case was delivered at the October Term, 1853.