## EZEKIEL J. MOORE, Respondent, *v.* McKINLAY & GARRIOCH, Appellants.

A warranty will not be implied except in cases where goods are sold at sea, where the party has no opportunity to examine them, or in case of a sale by sample, or of provisions for domestic use.

Where the plaintiff inspects the goods before purchasing, the case is taken from the operation of the rule of implied warranty.

To constitute a warranty, no precise words are necessary; it will be sufficient if the intention clearly appear.

There is no warranty in the following words of a sale note: "We have this day sold you two shipments of seeds, for arrival."

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The facts material to the points decided appear in the opinion of the Court.

*Hoge & Wilson*, and *Cook & Olds*, for Appellants.

In the absence of an express contract, no warranty is implied by law, except in cases were goods are sold at sea, and the party making the

purchase has no opportunity to examine, or where goods are sold by sample, or provisions for domestic use. 17 Wend., 267. 18 Ib. 24 Ib., 55. 1 Denio, 378. 5 Ib., 617. 5 Johns., 395. 20 Ib., 196. 10 Barr, 324. 4 Mees. & W., 389. 12 Mass., 355. 29 Maine, 508. 3 Wash. C. C. R., 165. 3 Monroe, 83.

The fact that the plaintiff before purchasing the seeds examined them, estops him from claiming that the sale imported an implied warranty.

*Charles H. S. Williams*, for Respondent.

Argued that the sale imported a warranty; that the word *seed* implied that the seed were of a merchantable quality; and cited Yates *v.* Pyrn, 6 Taunt., 446. Weall *v.* The King, 12 East., 452. Shepard *v.* Kane, 5 Barn. and Ald., 240. Power *v.* Barham, 4 Ad. and Ellis, 446. Pasly *v.* Freeman, 3 T. R., 57. Tye *v.* Finmore, 3 Camp., 462. Gardner *v.* Gray, 4 Ib., 144. Rowen *v.* Osburn, 1 Stark., 140. Gallagher *v.* Waring, 9 Wend., 27. Wright *v.* Hart, 18 Ib., 454. Oneida Co. *v.* Lawrence, 4 Cowen, 443. Jennings *v.* Gratz, 3 Rawle, 168. Haggin *v.* Plympton, 11 Pick., 99. Henshaw *v.* Robbins, 9 Met., 88. Freeman *v.* Baker, 2 Nev. and Man., 446. Bradford *v.* Manly, 13 Mass., 139. Hastings *v.* Lewis, 2 Pick., 214. Osgood *v.* Lewis, 2 Har. and Gill, 495. Clare *v.* Maynard, 7 Car. and Payne, 741.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This was an action in the Court below, to recover the amount paid by the plaintiff to the defendants for the purchase of an invoice of garden seeds.

It is in evidence, that after the arrival of the vessel, the plaintiffs were requested to open and inspect the seeds, but declined to do so, and paid for them. They were afterwards tested, and found to be almost wholly worthless. In order to maintain this action, the plaintiffs must show either an express or implied warranty. The sale note is as follows: " We have this day sold you two shipments of seeds for arrival," &c

The plaintiff maintains, that the word "seeds" thus used, amounts to an express warranty; that it has an express signification, importing an

article which will germinate or grow, and that it would be error to apply this term to any seeds not possessing these properties. And second, that if not an express warranty, the law will imply a warranty; or, in other words, raise the presumption, that the article sold is merchantable, and fit for the use for which it was sold.

At common law, the rule *caveat emptor* applied to all sales of personal property, except where the vendor gave an express warranty, which is said to be such recommendations or affirmations, at the time of the sale, as are supposed to have induced the purchase. To constitute a warranty, no precise words are necessary: it will be sufficient if the intention clearly appear.

During the time of Lord Holt, the doctrine was established, that to warrant, no formal words were necessary, and therefore a warranty might be implied, from the nature and circumstances of the case, and the maxim was thus introduced, that a sound price imports a sound bargain or warranty.

This doctrine was afterward exploded by Lord Mansfield, since which time it has undergone some modifications in the English and American Courts, tending in the former somewhat, and in some of the States of the Union, to the rule of civil law, which implies that the goods sold are merchantable, and fit for the purpose for which they were bought.

The better opinion, however, I think, as deduced from English and American decisions, is that a warranty will not be implied, except in cases where goods are sold at sea, where the party has no opportunity to examine them, or in case of a sale by sample, or of provisions for domestic use.

In Wright *v.* Hart, 17 Wend., 267, Judge Cowen reviews the former decisions of that State as well as the English cases, and arrives at the conclusion which I have stated. This case was afterwards brought before the Court of Errors of New York, and the doctrine approved.

In Moses *v.* Mead, 1 Denio, 385, the question again came before the Supreme Court of New York. In commenting on the decisions on this subject, Judge Bronson says, "Some English Judges have lately shown a strong tendency towards the doctrines of the civil law, in relation to sales, and have been disposed to imply warrantys where none exist. * *

I do not regret to find, that there are men in Great Britain who can look beyond the shores of that island; but I feel no disposition to follow them in their new zeal for the civil law, for the reason, that it is not our law, and the further reason, that our law in relation to sales is the best."

The same doctrine is maintained in Fraley *v.* Bispham, 10 Barr., 320, and many other American decisions. There has been no departures from this rule in the decisions of this Court. In the case of Flint *v.* Lyons, 4 Cal., 17, the flour was described as " Haxall," and we held, that this amounted to a warranty, that the article sold was " Haxall," and not a different brand or quality of flour. In Ruiz, *et al.*, *v.* Norton, 4 Cal., 359, the sale note described the rice as " sound rice," which it was held amounted to a warranty.

Testing the present case by the rule which we have deduced from the better authority of Courts, the plaintiff cannot recover. The language used in the sale note cannot be tortured into a warranty, and the fact that the plaintiff had an opportunity and declined to inspect the seeds before accepting them, takes the case from the operation of the rule of implied warranty.

Judgment reversed, with costs.