Knott *v.* Frush.

JOSEPH KNOTT, Respondent, *v.* ANN E. FRUSH, Administratrix of the estate of William H. Frush, and others, Appellants.

*Appeal from Multnomah County.*

1. A ferry license, granted to another than the riparian owner, is a mere personal trust upon conditions, and his liability cannot be removed by substitution.

2. Such license terminates upon the decease of the person to whom it was granted.

THE bill of complaint alleges that the plaintiff is running a ferry from the foot of Stark street, in the city of Portland, across the Willamette river to the terminus of the base line and Sandy road, by virtue of a ferry right purchased of James B. Stephens, who claimed under a charter from the legislature, and that the defendants are running a ferry between the same points without authority of law, and to the injury of plaintiff. The defense is that Ann E. Frush, as the administratrix of William H. Frush, is carrying on a ferry under a license granted to him in his lifetime by the County Court of Multnomah county, the period for which it was granted not yet having expired. James B. Stephens, from whom Knott purchased, was the owner of the land adjoining the river on the east side. Frush claimed no interest in the soil on either side.

No written briefs on file.

PRIM, J. In this suit there is no material controversy about the facts, and the case turns on the question, whether the defense set up in the answer amounts to a legal justification. The only question raised by the answer is, does a ferry license, granted by the County Court under our statutes to a person other than the riparian owner, expire with the death of the party to whom it was granted? We hold that it does;

for the reason, that, under our statutes, such a franchise is a mere personal trust bestowed on the grantee, upon conditions imposed upon him alone ; and his liability cannot be removed by substitution. (5 *Cal.*, 471 ; 7 *Cal.*, 287.)

We hold there is a distinction between the ownership of lands, embracing or adjoining streams to which ferry rights attach, and a license to keep a ferry for tolls.

The land with its incidents can be aliened, taken in execution for debt, or can descend to the heir-at-law ; while a mere license is a personal trust, and has none of these qualities.

Under our law no ferry license can be granted to any person, other than the owner of the land embracing or adjoining the stream where the ferry is proposed to be located, unless such owner shall neglect to apply for such license. (*Code,* 869, *sec.* 42.)

This right or preference, which the law recognizes in the riparian owner, on his death descends to his heir-at-law as incident to the land ; while the license, being a personal trust, expires with the death of the licensee.

Then we hold that the license granted to Wm. H. Frush terminated with his death, and his administratrix had no legal authority to run the ferry for the unexpired term of such license, and therefore should be enjoined from so doing.

Decree affirmed.