[No. 4338.]

## MATHEW BYRNE v. CORNELIUS JANSEN.

EXPRESS WARRANTY OF PERSONAL PROPERTY. — A mere praise of personal property, indulged in by the owner when offering it for sale, does not, under the rule of the common law, amount to an express warranty of its quality or marketable condition.

IMPLIED WARRANTY OF PERSONAL PROPERTY. — A mere praise of personal property, such as wool, indulged in by the owner when offering it for sale, does not amount to an implied warranty of its quality or condition, if the buyer has an opportunity to examine it and fails to do so, and no artifice is used by the seller to prevent him from making an examination.

WHEN ERROR IS CURED. — If the court, on the objection of one of the parties, refuses to allow a witness to answer a question, and the matter about which he is asked is afterwards fully explained by other witnesses, the error, if any, is cured.

APPEAL from the District Court, Eighteenth Judicial District, County of San Bernardino.

Action to recover damages for the breach of an alleged warranty of the quality and condition of wool, sold by the defendant to the plaintiff. The defendant had a band of sheep in San Bernardino County, and, on the 12th day of February, 1872, O'Connell, the agent of the plaintiff, applied to him to purchase his clip of wool to be sheared in April following. The defendant told him he would take twenty-six cents per pound, and, at the same time, stated that the wool would be short, that the sheep were poor, and

burry, but that the burs generally fell off during the spring rains. He also told O'Connell where his sheep were, and asked him if he wished to see them, and the latter replied that he did not. The defendant and O'Connell knew the sheep and the range on which they were kept, and were experienced wool-buyers. In April, 1872, the defendant delivered the wool in thirty-eight bales, weighing nine thousand five hundred and forty-five pounds. The plaintiff received it without examination, paid for it, and, without objection, shipped it to San Francisco for sale. The consignees kept the wool until February, 1873, when they bargained for the sale of the lot. It was then examined and found to be in a bad condition, and the purchaser took only twenty-five bales at twenty-two and a half cents per pound. The same quality of wool in good condition would then have sold for twenty-eight cents per pound. The remainder was sold in March, 1873, at from seven to seventeen cents per pound. The consignees did not inform the plaintiff of the bad condition of the wool, until June, 1873. The plaintiff then requested the defendant to settle the damages, but he declined. This action was commenced on the 15th day of December, 1873. On the trial, the plaintiff was a witness on his own behalf, and was asked by his counsel why he had so long delayed commencing the action. The court, on the objection of the defendant, refused to allow him to answer. Lee, a San Francisco wool-buyer, and Christy the consignee, had given their depositions, which were afterwards used by the plaintiff in making out his case. The defendant had judgment and the plaintiff appealed.

The other facts are stated in the opinion.

*H. C. Rolfe,* for the Appellant.

To constitute an express warranty, the word warrant need not be used, nor any other of precisely the same meaning. It is enough if the words used import an undertaking on the part of the owner that the chattel is what it is represented to be. (1 Pars. Con., 5th ed. 579–80; *Polhemus* v. *Heiman,* 45 Cal. 573; *Hawkins* v. *Pemberton,* 51 N. Y. 198.)

We call attention to the cases and authorities referred to in this last case, reported also in 10 Am. R. 595.

But this was an executory contract; the wool was to be delivered at a future day. There was no opportunity for the purchaser to examine the wool at the time of the purchase, except perhaps on the sheep's backs, and such examination would not have disclosed its actual bad condition at the time of its delivery. In such a case there is an implied warranty that the goods are of a merchantable quality and value, and in a merchantable condition, and proper subject of trade. The rule of *caveat emptor* does not apply. (1 Pars. Con., 5th ed. 583; *Gardiner* v. *Gray*, 4 Camp. 144; *Howard* v. *Hoey*, 23 Wend. 350; Civil Code, Sec. 1786.)

*John W. Satterwhite and Byron Waters*, for the Respondent.

Unless there was an express warranty, *caveat emptor* applies, and defendant is not liable if the wool was in a bad condition. This is an action for breach of warranty, and not for fraudulent misrepresentations. (*Roseman* v. *Canovan*, 43 Cal. 110; 1 Parsons' Contracts, 577; Hilliard on Sales, 247, Sec. 3, Ch. 18; *Capuro* v. *Builders' Ins. Co.*, 39 Cal. 123; *Chandelor* v. *Lopus*, 1 Smith L. C. 238.)

There can be no implied warranty in this case, because appellant had an opportunity to examine the wool when it was delivered at his store in San Bernardino. "The mere fact that the examination is attended with inconvenience to the purchaser is not sufficient to dispense with the rule; it must be morally impracticable." (*Moore* v. *McKinley*, 5 Cal. 470; 1 Parsons' Contracts, 5th ed., p. 583, note q; Hilliard on Sales, 2d ed., p. 244, note a; p. 251, note a; *Hargous* v. *Stone*, 5 N. Y. 73; *Reed* v. *Randall*, 39 N. Y. 359; *Humphreys* v. *Comline*, 8 Blackf. 508.)

The rule of implied warranty contended for by appellant applies only to articles to be manufactured. (Hilliard on Sales, 2d ed., p. 254–5, notes.)

By the COURT:

1. It is apparent that defendant made no express warranty as to the quality or condition of the wool in question.

The conversation had between the defendant and the plaintiff's agent, O'Connell, did not amount to a warranty. O'Connell· had dealt in wool in the county of San Bernardino for a number of years. He knew the defendant's sheep and the range on which they ran. He evidently had an opinion of his own, founded upon his personal knowledge of the defendant's business, as to the quality of defendant's wool, and he stated at the trial that the defendant's wool " was supposed to be as good as any in the county." There is nothing in the circumstance that the defendant expressed a somewhat favorable opinion of his wool, that he indulged an opinion that, while Mr. Conn's wool might be a little finer than his own, his was fully as profitable as Conn's for manufacturing purposes. This was mere praise of his own property—the *simplex commendatio* which is allowable in making a trade, and is not held, by the rule of the common law, to amount to a warranty.

2. Nor do we think that the court below erred in holding that under the circumstances attending the sale there was no implied warranty of the quality or condition of the wool. Some of these circumstances have been adverted to already. The defendant, when the contract of sale was in progress, invited O'Connell to go and inspect the sheep; he declined; said he knew something of them; said " he would make the bargain anyhow, without seeing them." Again, when the wool was subsequently delivered, the plaintiff had an opportunity to inspect it, but did not avail himself of it. It was delivered at the plaintiff's store in sacks. The plaintiff might have examined the wool then. That it might have been inconvenient for him to do so is unimportant. Had he done so, the inferior quality of the article would have appeared. Under such circumstances, no artifice having been resorted to by the defendant to prevent the examination, the maxim *caveat emptor* applies.

3. There is nothing in the supposed errors of law requiring particular notice. All of them, save one, seem to have been abandoned by the appellant's counsel. That one concerns the action of the court in refusing to permit the plaintiff to explain why he had so long delayed the bringing of

the action.   But as it is conceded by the counsel that the testimony of Lee and Christy furnishes the desired explanation of the delay, the ruling becomes unimportant.

Judgment and order affirmed.