[Civ. No. 776.  Second Appellate District.—August 22, 1910.]

# TROY LAUNDRY MACHINERY COMPANY, LIMITED, a Corporation, Respondent, v. DRIVERS' INDEPENDENT LAUNDRY COMPANY, a Corporation, Appellant.

Purchase of Laundry Mangle—Prior Lease of Distinct Mangle—Finding of Identity Unsupported.—Where a laundry mangle had been leased to defendant by plaintiff, described as "one Troy Duplex Mangle," and after the expiration of the lease, defendant purchased from plaintiff "one second-hand No. 3 Troy Triplex Mangle," there is no apparent identity between the mangle leased and the mangle purchased, and where there is no evidence as to their identity, a finding as to such identity is unsupported.

Id.—Defense of Fraud Inducing Purchase—False Representations as to Usefulness—Rescission—Counterclaim for Damages.—The leased and purchased mangles not appearing to be identical, the defendant had the right to set up as a defense to the purchase that it was induced by false representations as to its usefulness, when it was in fact useless and worthless, and to tender and demand a rescission of the contract of purchase, and to counterclaim damages for the fraud.

Id.—Error in Excluding Evidence.—The court erred in excluding evidence of such false representations inducing the purchase, and in support of the counterclaim for damages.

Id.—Supposition of Identity of Mangles—Correct Ruling.—If it had been made to appear in the record that the mangle leased was the same mangle as that described in the contract of purchase, and that defendant had leased the purchased mangle, and had an opportunity of using it prior to the purchase, the ruling excluding evidence of fraud in the purchase would have been correct; for in that case defendant would or should have known just what work would be accomplished by the use of the mangle, and could not have been deceived by the false representations, if they had been made as alleged. A false representation, to constitute fraud, must actually deceive. If it is not believed, or the party disregards it, and makes inquiries for himself, there is no fraud.

Id.—Representation Calculated to Induce Purchase—Presumption—Burden of Proof.—If the false representation was one calculated to induce the other party to make the contract of purchase, the presumption is that he was influenced by it; and in order to take away his right to relief on the ground of fraud, it must be shown that he did not rely upon it.

ID.—ENTIRE ABSENCE OF EVIDENCE TO SUPPORT FINDING AS TO IDENTITY
OF MANGLES—QUESTION OF LAW.—The entire absence of evidence
to support the finding as to the identity of the mangles leased and
purchased, being of a fact material in the maintenance of the
judgment rendered for plaintiff, presents a question of law. Iden-
tity not appearing, defendant was not estopped from asserting
that he had been misled to his prejudice by the representations
alleged.

ID.—LEGITIMATE EFFECT OF EVIDENCE TENDERED.—The effect of the
evidence tendered in support of the false representations alleged
would not have been to vary the terms of a written contract, and
the exclusion thereof is ground for reversal.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

D. Z. Gardiner, and Millsap & Sparks, for Appellant.

Horace S. Wilson, and Constan Jenson, for Respondent.

JAMES, J.—Plaintiff brought this action to recover from
defendant the sum of $900 as a balance alleged to be owing
and unpaid on account of the purchase price of certain laun-
dry machinery. A written contract dated December 16, 1907,
described the property purchased as "one second-hand, No. 3,
Troy Triplex Mangle." Defendant answered the complaint,
admitting the execution of the contract and the performance
of all the conditions required to be performed by plaintiff
thereunder, and then alleged: "That prior to the signing of
the contract set out in the complaint, and in order to and
for the purpose of inducing the defendant to sign and exe-
cute said contract, the plaintiff represented to defendant and
stated to the defendant that the mangle referred to in said
contract was all right and would do the amount and kind of
work usually done by the best of such machines; that plain-
tiff was well acquainted with said machine and knew its
character and condition and the kind, amount and quality of
work that said machine would do; that defendant was unac-
quainted with the amount, kind and quality of work that
said machine would do, but knew that plaintiff was well ac-
quainted with said facts and the defendant relied on the

aforesaid representations and statements of the plaintiff concerning said machine and was induced thereby to enter into and execute said contract, and but for said representations and statements would not have done so and would not have made said conditional or any purchase of said mangle."

Allegations following recited that after the mangle was set up and operated it was discovered that it would not do the amount or kind or quality of work usually done by such machines and was in fact useless and worthless; that defendant immediately gave notice that it rescinded the contract, whereupon plaintiff promised to repair the mangle and put it into a condition to do the required work and did attempt so to do but failed, and that the machine remained useless and valueless; that defendant immediately gave notice to plaintiff that it insisted upon its rescission of the contract and offered to return the machine to plaintiff. Damages were alleged to have been suffered in the amount of $475, which defendant sought to recover under its counterclaim.

Upon the trial, defendant, after introducing the testimony of several witnesses going mainly to show the authority of the agents of the parties to make the contract sued upon, and while J. E. Reid, the president of defendant company, was being examined as a witness, offered in evidence a writing dated September 16, 1907, purporting to be a contract whereby the use of "one Troy Duplex Mangle" and "one Electric Motor" was let by plaintiff to defendant for a stipulated rental for a period of ninety days. This witness, upon objection by plaintiff's counsel being made, was not allowed to state what conversations were had with plaintiff's agent at the time the contract of September 16th was entered into, and he was then asked whether he had any conversations with plaintiff's agent at the time the contract of December 16th was executed. This line of inquiry was objected to and the trial judge in ruling remarked: "I will sustain any objection to any conversation prior to the first contract as immaterial. I sustain the objection as to conversations had at the time of entering into the second contract because they tend to vary the terms of a written contract."

The court found that the contract of September 16, 1907, referred to the same machine as that mentioned in the contract of December 16, 1907; that defendant took possession

of the property and retained it and still had possession of it; that the plaintiff did not, prior to the signing of the contract set out in the complaint, or at all, make the false representations alleged in defendant's answer. Judgment for plaintiff followed, from which defendant has appealed.

The defendant complains that the court erred in excluding evidence offered in support of the allegations of fraud and to establish its counterclaim. This contention seems to be well founded. The answer of defendant presented, in an appropriate and sufficient way, an issue as to whether or not the consent of defendant to the making of the contract sued on had been obtained by fraud. If it had been made to appear in the record that the mangle described in the contract of September 16, 1907, was the same mangle as that described in the contract of December 16, 1907, and that defendant had used, or had had an opportunity of using, the mangle prior to the making of the last contract, the ruling would have been correct; for in that case defendant would or should have known just what work could be accomplished by the use of the mangle, and it could not then have been deceived by the false representations, if they had been made as alleged. "A false representation, to constitute fraud, must actually deceive; that is, it must be relied upon by the other party and must induce him to act to his prejudice. If it is not believed, or the party disregards it and makes inquiries for himself, there is no fraud. . . . If the representation was one calculated to induce the other party to make the contract, the presumption is that he was influenced by it; and in order to take away his right to relief on the ground of fraud it must be shown that he did not rely upon it." (Clark on Contracts, p. 232.)

A careful examination of the testimony, as shown by the record submitted here in the bill of exceptions, fails to disclose any evidence upon which to base the finding of the court that the mangles described in the two contracts were one and the same machine. The contrary seems established by reason of the difference in the machines as described in the respective contracts; in one it is styled a duplex machine, while in the other a triplex. The entire absence of evidence in support of a finding necessary to sustain a judgment presents a question of law. Identity not appearing, defendant was

not estopped from asserting that it had been misled to its prejudice by the representations alleged. The effect of the evidence thus tendered would not have been to vary the terms of the written contract. (*Maxson* v. *Llewellin*, 122 Cal. 199, [54 Pac. 732] ; Civ. Code, secs. 1565, 1572.)

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 19, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 13, 1910.