## GOLDEN *v.* WHITE.*

---

SALES; IMPLIED WARRANTY.

A dealer who purchased fruit after an inspection thereof on the trees, and whose agent superintended the packing, cannot, even, though he contracted for merchantable fruit only, rely upon an inspection made at destination, and thus escape liability for the contract price upon the ground that unmerchantable fruit was shipped.

No. 2607.    Submitted February 4, 1914.    Decided March 2, 1914.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover a balance alleged to be due for apples purchased from plaintiff.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit on a parol agreement for a balance alleged to be due from Golden & Company, appellant, defendant below, for

---

*Sale — Inspection.*—For authorities upon various phases of the question of the effect of inspection or opportunity to inspect, see the following editorial notes:   Effect of inspection upon an implied warranty of conveyance of property bought for special purposes, see note in 22 L.R.A. 194; effect of delivery of goods f. o. b. on place of inspection, note in 62 L.R.A. 804; failure of vendee to inspect or test goods as waiver of express warranty, note in 24 L.R.A.(N.S.) 235; purchaser's right to reject goods for breach of warranty on inspection where no opportunity for inspection was given until after delivery, note in 27 L.R.A.(N.S.) 915; opportunity to inspect as affecting question whether description of kind or quality in contract of sale is a warranty or a condition precedent, note in 35 L.R.A. (N.S.) 271.

apples purchased from plaintiff, Elijah B. White. The terms of the contract, as stated in the declaration, are substantially that on or about the 24th day of September, 1909, defendant bought of plaintiff all the apples in plaintiff's orchard at the price of $2.75 per barrel, to be delivered by plaintiff f. o. b. the cars of the Southern Railway, at Leesburg, Virginia. It is alleged that it was further agreed between the parties "that the plaintiff was to be in no way obligated to superintend the packing of, or to pack, said apples, or to have anything to do with the packing thereof, but, on the contrary, that the defendant through their own agents or employees, or through such person or persons as they saw fit to select or choose for the purpose, should and would superintend the packing of said apples, and should and would pack the same as they saw fit, without any liability or responsibility whatsoever on the part of the plaintiff for the packing of said apples or for anything connected therewith; that is to say, the said contract to be completed on the plaintiff's part, when the barrels containing said apples were delivered by the plaintiff and received by the defendant f. o. b. on said Southern Railway cars at Leesburg, save and except as stated above." It is also alleged that thereafter defendant sent an agent to pack and superintend the packing of the apples; that the agent received the apples, packed in barrels, from the wagons at the railway station, and himself attended to loading them into the cars, and that he billed out the apples to defendant company, and brought the bill of lading to the plaintiff, instructing plaintiff to draw on defendant, which plaintiff did. The first draft was paid. The remaining drafts were not paid, and this suit is for the recovery of the amount thereof.

Defendant pleaded the general issue in debt and assumpsit and an additional plea of set-off, in which it denied that it was to pack and superintend the packing of the apples; and alleged that upon inspection of the apples, at Washington, the point of destination, they were found defective, and that they had not been sorted and packed by plaintiff according to contract. The cause was tried to a jury, with verdict for plaintiff, and judgment accordingly. This appeal is from the judgment.

*Mr. Walter A. Johnston,* for the appellant:

1. The place of inspection, in the absence of contrary intention, must ordinarily be the place at which acceptance is due— as distinguished from the place of receipt when they are separate—the place at which the buyer is finally bound to accept or reject the goods. Mechem, Sales, § 1377.

2. Where goods are ordered of a specific quality which the vendor undertakes to deliver to a carrier to be forwarded to the vendee at a distant place to be paid for on arrival, right of inspection, in the absence of any specific provision in the contract, continues until the goods are received and accepted at their ultimate destination. *Pierson* v. *Crooks,* 115 N. Y. 539–547; *Eaton* v. *Blackburn,* 52 Or. 300.

3. The obligation to accept or reject goods arises only on actual delivery. *Fogle* v. *Brubaker,* 122 Pa. 7; *Holt* v. *Pie,* 120 Pa. 425.

4. If there be a warranty expressed or implied, the buyer does not necessarily waive it by acceptance. *Atkins Bros.* v. *Southern Grain Co.* 119 Mo. App. 119; *Morse* v. *Morse,* 83 Mc. 473; *Babcock* v. *Trice,* 18 Ill. 420; *Holloway* v. *Jacobs,* 120 Pa. 538; *English* v. *Spokane Co.* 57 Fed. 451.

5. The acceptance or rejection of the goods by the appellant after knowledge of defects does not prevent him from setting up his loss or damage on breach of warranty. *North Alaska Salmon Co.* v. *Hobbs,* 35 L.R.A.(N.S.) 501; *Hastings* v. *Lovering,* 2 Pick. 214. Also *Henshaw* v. *Robins,* 9 Met. 83–87; *Chisholm* v. *Proudfit,* 15 U. C. Q. B. 203; *Gardner* v. *Lane,* 9 Allen, 492; *Forcheimer* v. *Stewart,* 65 Iowa, 593.

*Mr. Holmes Conrad, Mr. Leigh Robinson,* and *Mr. E. C. Dutton,* for the appellee:

1. "Performance according to contract will be presumed where acceptance is made after an inspection or an opportunity for inspection. If a purchaser has an opportunity to examine goods, when about to accept them, it is his duty so to do, and

if he omits to exercise his privilege in that respect he will not afterwards be permitted to object that his acceptance was without examination." *Field* v. *Schuster,* 26 Pa. Super. Ct. 82; *Barker* v. *Turnbull,* 51 Ill. App. 226; *Brownlee* v. *Bolton,* 44 Mich. 218; *G. W. T. & P. R. Co.* v. *Browne,* 27 Tex. Civ. App. 438; *Globe Oil Co.* v. *Powell,* 56 Neb. 465; *Justin Fruit Asso.* v. *Fruit Co.* 53 Pac. 697–698; *S. P. Dixon* v. *Yates,* 5 Barn. & C. 857; *Browne* v. *Hare,* 4 Hurlst. & N. 822; *Neumeyer* v. *Lumber Co.* 54 Neb. 322.

2. Where the plaintiff inspects the goods before purchasing, the case is taken from the operation of implied warranty. *Moore* v. *McKinley,* 5 Cal. 471; Benjamin on Sales, p. 584; *Hasnor* v. *Groves,* 15 C. B. 667.

3. It is alleged in the declaration, and proved in the testimony, that plaintiff's orchard was sold as an entirety. This being the case, it was not allowable, under any circumstances, for the defendant to use or sell a portion of the fruit and rescind the contract as to the remainder. *Morse* v. *Brackett,* 104 Mass. 494; *Mansfield* v. *Trigg,* 113 Mass. 350.

Mr. Justice VAN ORSDEL delivered the opinion of the Court.

The evidence adduced by plaintiff supported the allegations of the declaration, and was apparently accepted by the jury, which disposes of the issues of fact. The trial justice was liberal in submitting by proper instructions the issues of fact to the jury. Hence, the appeal can be disposed of upon a single question of law.

The jury found from the evidence that defendant, by its agents, superintended the packing of the apples in the barrels at the orchard, and received them at the cars, and attended to placing the barrels in the cars. This gave defendant ample opportunity to inspect the fruit at the point of delivery. It is therefore immaterial whether defendant, in fact, made such inspection, since the opportunity was afforded it. If it failed to inspect the fruit at the point of delivery, with its agent in charge, its liability became fixed, and it cannot claim the right

to rely upon an alleged inspection made on the arrival of the fruit at its destination in Washington. *Barnard* v. *Kellogg,* 10 Wall. 383, 19 L. ed. 987; *Field* v. *Schuster,* 26 Pa. Super. Ct. 82; *Barker* v. *Turnbull,* 51 Ill. App. 226; *Brownlee* v. *Bolton,* 44 Mich. 218, 6 N. W. 657.

This is not a case of the purchase of goods on sample, or where an order is given relying entirely upon the good faith of the seller. Defendant, by its agent, examined the fruit in the orchard while it was still on the trees, purchased it on the strength of such examination, and superintended its packing and shipment. Hence, there is no room for the application of the doctrine of implied warranty. "A warranty will not be implied, except in cases where goods are sold at sea, where the party has no opportunity to examine them, or in case of a sale by sample, or of provisions for domestic use. * * * And the fact that the plaintiff had an opportunity and declined to inspect the seeds before accepting them takes the case from the operation of the rule of implied warranty." *Moore* v. *McKinlay,* 5 Cal. 471.

But it is contended that defendant purchased merchantable fruit in the orchard, and he was therefore entitled to set off against plaintiff's claim any unmerchantable fruit received at the place of destination. Undoubtedly, if defendant had purchased only merchantable fruit to be gathered, packed, and shipped by plaintiff, and no reasonable opportunity had been afforded defendant to inspect the fruit at Leesburg, the point of delivery, the fruit would have been subject to inspection at Washington, the point of destination. Conceding that defendant contracted only for merchantable fruit, what in fact occurred? Defendant, through its agents, had control of the packing of the apples in the barrels; hence every opportunity was afforded it for a complete inspection. If its agents packed unmerchantable fruit in the barrels and received it at the point of delivery, it is in poor position to complain.

The judgment is affirmed, with costs.          *Affirmed.*