[No. 12969. Department One. March 24, 1916.]

PERINE MACHINERY COMPANY, *Appellant*, v. ROBERT BUCK *et al.*, *Respondents*.[1]

APPEAL—RECORD—EXCEPTIONS TO INSTRUCTIONS. Timely exceptions to instructions, allowed by the court, certified by the clerk as part of the transcript, need not be embodied in the statement of facts.

SALES—SALE OF MACHINERY—IMPLIED WARRANTY—SALE BY SAMPLE. Upon the purchase of a specified kind of impeller for use on a second-hand pump, upon the statement of plaintiff, a dealer, that he could not repair the old impeller and that defendant ought to buy a new one, there is no implied warranty that the new impeller will make the old pump work satisfactorily; as the sale was by sample, with implied warranty only that it was of the kind ordered.

SAME—SALE OF MACHINERY—ACTION FOR PRICE—OFFSETS. In such a case, where no defects in the impeller were shown and the buyer did not offer to return it when it failed to work satisfactorily, and made no objection to bills rendered, he cannot, in an action for the price, offset expenses on other parts of the pump in attempting to make it work or for loss of profits on a contract while attempting to use it.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 23, 1914, upon the verdict of a jury rendered in favor of the defendants, in an action on contract, tried to the court. Reversed.

*Shorett, McLaren & Shorett*, for appellant.

*Benton Embree*, for respondents.

MOUNT, J.—This action was brought to recover $247.68, alleged to be the reasonable value of merchandise and services furnished to the defendants at their request. The answer of the defendants admitted that merchandise of the value of $132 was furnished, but denied that there was any debt owing to the plaintiff. As an affirmative defense and counterclaim, the defendants alleged, in substance, that one of the items furnished was an impeller for a Kingsford pump; that, at

[1]Reported in 156 Pac. 20.

the time this impeller was ordered, the defendants were engaged upon a contract with the city of Seattle to do certain sluicing work which required the use of a pump; that the plaintiff knew these facts and was familiar with the mechanism of the pump then owned and being used by the defendants, and that the defendants were not familiar with such pumps; that the pump became out of repair and failed to work; that the plaintiff advised the defendants that it would be necessary to purchase a new impeller for the pump; that the defendants, relying upon that advice, ordered from the plaintiff a new impeller; that when the impeller was delivered and placed in the pump, it failed to work satisfactorily; that defendants, in endeavoring to make the impeller work properly, expended $259.75 thereon, and still the impeller would not perform the work which it was intended and designed to perform, and by reason of such failure, the defendants sustained loss of profits amounting to $451.75; and prayed for damages in the amount of $319.75. This affirmative matter was denied by the plaintiff.

Upon these issues, a trial was had to the court and a jury, resulting in a verdict in favor of the defendants for $126.75, the difference between $133, admitted to be owing to the plaintiff, and $259.75, claimed to have been expended in an endeavor by the defendants to make the new impeller work satisfactorily. Upon the plaintiff's motion for a new trial, the court required a reduction from the verdict of $92, the price of the impeller, and entered a judgment for $34.75 in favor of the defendants. The plaintiff has appealed.

The principal errors assigned relate to the instructions of the court. The respondents move to strike the exceptions to the instructions because these exceptions are not embodied in the statement of facts. The record shows that the exceptions were taken in time, and allowed by order of the court. These exceptions and the order are a part of the transcript, and are certified therein by the clerk. This is sufficient un-

der Rem. & Bal. Code, § 395 (P. C. 81 § 697). The motion is therefore denied.

The undisputed facts are, in substance, as follows: In January, 1914, the defendants had a contract with the city of Seattle for grading certain streets. This grading work was being done by sluicing the earth. A pump, known as a Kingsford pump, was then owned by the defendants, and was being used for pumping water for sluicing. This pump was purchased by the defendants, second-hand, from a third party who had originally purchased the pump from the plaintiff. This third party had used the pump for about a year, and sold it to the defendants.

In the progress of the work, the impeller was worn and badly damaged by a stone or some substance which had gone through the pump. The impeller was taken out of the pump and taken to the plaintiff, a dealer in Kingsford pumps, and it was requested to repair the impeller. Upon an examination of the impeller, the plaintiff said that it could repair it so that it could be used for a time, but that it would not work well, and that the defendants ought to procure a new impeller. The defendants thereupon directed the plaintiff to order a new impeller from the factory. The plaintiff did not carry extra impellers in stock, and it was directed to hurry up the order. The plaintiff thereupon wired to the factory for a new impeller, and directed that the same be shipped by express. The impeller was sent by the factory to the plaintiff, and it thereupon installed the new impeller in the pump. The price of the impeller was $92. The expressage was $22.68.

After the impeller had been placed in the pump, the defendants notified the plaintiff that the impeller did not work satisfactorily. The plaintiff thereupon advised that there must be something the matter with some of the pipes. The plaintiff made no effort to fix the impeller. Thereupon the defendants endeavored to remedy the pump, and it was used for a period of two months. Thereafter the plaintiff sent a

statement of its account to the defendants, who promised to pay the same, but never did. After several unsuccessful attempts to collect the account, this action was brought.

The principal contention of the defendants at the trial was that there was an implied warranty that this impeller would work satisfactorily in this second-hand pump. It is not claimed that there was any express warranty. But the defendants insisted in the court below, and insist here, that there was an implied warranty that the impeller ordered as above stated would make the pump work satisfactorily to the defendants.

At the close of the evidence, the plaintiff requested the court to give an instruction, in substance, that the jury should return a verdict in favor of the plaintiff for the full amount claimed. We think this instruction should have been given. It is plain, under the facts, that if there had been an express warranty, damages on account of lost profits in a contract of this kind could not be recovered. *Puget Sound Iron & Steel Works v. Clemmons*, 32 Wash. 36, 72 Pac. 465. We think it is equally plain that there could be no implied warranty that the new impeller would make the old pump work satisfactorily, upon the admitted facts. The rule is:

"On a sale of machinery there is in general an implied warranty that the machine is reasonably adapted to the purpose for which it is purchased. No such warranty is implied, however, on the sale of a second-hand machine. There is, moreover, no warranty that a machine designed for a general use is suitable for a particular purpose or use, or that a known and designated machine purchased by name will serve a specific purpose, especially where the machine is made according to the plans and specifications of the buyer. So too there is no implied warranty that a machine is as suitable for the purpose as other machines of the same class." 35 Cyc. 408.

The rule is also stated in 35 Cyc. 405, as follows:

"On a sale by sample there is an implied warranty that the bulk of the goods is equal to the sample in kind and

quality. Where the sale is by the manufacturer of the goods
there is an implied warranty that the goods sold are free
from latent defects not discoverable by ordinary examina-
tion; but the rule is otherwise where the sale is by a dealer
who is not the manufacturer of the goods. There is no war-
ranty of fitness for the purpose intended, nor ordinarily that
the goods are merchantable, although the facts and circum-
stances of the case may justify the inference that this condi-
tion is superadded to the contract. The warranty implied is
not strictly speaking a warranty of quality, but merely that
the seller shall deliver goods of the quality of the sample."

This court in *Hurley-Mason Co. v. Stebbins, Walker &
Spinning*, 79 Wash. 366, 140 Pac. 381, L. R. A. 1915 B
1131, said:

"According to the great weight of authority, there is a
distinction between executory sales by manufacturers and ex-
ecutory sales by dealers; the rule being that, on a sale by a
manufacturer, there is an implied warranty of fitness for the
purpose intended, and of freedom from defects not discover-
able by ordinary inspection and tests, while on a sale by a
dealer, there is no such implication, in the absence of a spe-
cific warranty to that effect. All that is required of a dealer
is an exercise of good faith and fair dealing."

This is the general rule. This order was clearly an order
by sample. The only implied warranty was that the impeller
furnished was the one ordered. There is no contention that
the impeller ordered was not an impeller for that particular
make of pumps. No defect is shown in the impeller. The
only difference between the old and the new impeller, as shown
by the evidence, is that the new impeller had no holes in it,
while the old one had four holes. The cost of drilling these
holes might have been a proper offset against the price of
the impeller. This cost is not shown. It was no doubt
trifling. It was clearly the duty of the defendants, when
they discovered that the impeller would not work as they
say "satisfactorily," to return the impeller to the plaintiff
with notice of that fact. There is no claim on the part of

the defendants that they have returned, or offered to return, the impeller. They simply notified the plaintiff that the impeller would not ·work satisfactorily. This clearly would not authorize the defendants to expend money upon other parts of the pump and offset such expenses against the plaintiff's claim. Furthermore, no objection was made to several statements of account which were rendered to the defendants by the plaintiff. They promised to pay the bill, making no objection to the price of the impeller, or that the expressage also had been charged as a part of the expense in obtaining the impeller. Under these facts, we are satisfied that the items claimed as an offset are improper, and that the trial court should have directed a verdict in favor of the plaintiff for the full amount of the claim.

The judgment is therefore reversed, and the case remanded with direction to the trial court to enter a judgment in favor of the plaintiff for the amount prayed for in the complaint.

MORRIS, C. J., CHADWICK, ELLIS, and FULLERTON, JJ., concur.