[Civ. No. 3592.   First Appellate District, Division Two.—February 17,
                              1921.]

NORA E. LAMB, Appellant, v. F. W. OTTO, Respondent.

[1] SALE—BREACH OF WARRANTY—WRITTEN CONTRACT FOR PURCHASE
    OF AUTOMOBILE—ARTICLES NOT MENTIONED—PAROL EVIDENCE.—In
    an action for damages for an alleged breach of warranty in con-
    nection with the purchase of a second-hand automobile evidenced
    by a formal written transfer signed by the parties, it was error
    to resort to parol testimony for the purpose of showing that the
    defendant just prior to the ˙sale represented that the sale was to
    include certain extra tubes and casings which were not mentioned
    in the transfer, in the absence of any claim that the contract
    contained a latent ambiguity.

[2] ID.—CONDITION OF AUTOMOBILE—PAROL EVIDENCE.—In such action,
    in the absence of a showing that the written contract contained a
    statement as to condition of the automobile, it was not competent
    to show any express warranties as to its quality or character.

[3] ID.—ABSENCE OF IMPLIED WARRANTY.—An implied warranty as to
    the quality of a second-hand automobile does not exist upon a
    sale thereof where the seller is not the manufacturer and no posi-
    tion of trust or confidence exists between him and the buyer, who
    is given full opportunity of examination.

APPEAL from a judgment of the Superior Court of
Fresno County.  H. Z. Austin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

George G. Graham for Appellant.

Everts & Ewing, J. R. Fitch and Walling & Levy for
Respondent.

STURTEVANT, J.—The plaintiff brought this action
against the defendant to recover damages ˙for an alleged
breach of warranty.  A trial was had in the lower court

1.  General rule that parol evidence is not admissible to vary, add
to or alter a written contract, notes, 56 Am. St. Rep. 659; 17
L. R. A. 270.
3.  Implied warranty in addition to stipulated test, notes, Ann.
Cas. 1916A, 956; L. R. A. 1915B, 1131.

and at the end of the plaintiff's case the defendant moved for a nonsuit. The motion was granted, judgment was entered for the defendant, and the plaintiff appealed under section 953a of the Code of Civil Procedure. At the time the motion was granted the trial court had received considerable parol evidence on the issue as to what warranties, if any, were made. Such evidence was introduced over the objection and exception of the respondent. If the oral evidence was admissible the lower court erred in granting the nonsuit. If the evidence was inadmissible the lower court erred in receiving the evidence, but cured the error by granting the nonsuit.

[1] In the first place, we will, therefore, examine into the question as to the admissibility of the evidence which was tendered and received. The appellant had bought a second-hand automobile from the respondent. The purchase was evidenced by a formal written transfer which was signed by the buyer and by the seller. The subject of the sale is described as "One Reo Automobile Motor No. —— Touring body —— with complete equipment. Serial No. 9935." The writing contains nothing as to condition. On the trial the appellant introduced oral testimony that the respondent had, just prior to the sale, represented that the sale was to include "One Reo Automobile with complete equipment," and also two used casings for extras and three or four used tubes all in first-class A–1 condition. The respondent also introduced oral testimony that the property as delivered was not in first-class A–1 condition and that the extra tubes and casings were not delivered at all. At all times the respondent objected that the oral representations, as to the articles covered by the sale and as to the condition of the same, were incompetent and that the whole subject was covered by the written contract.

The appellant contends that the evidence was properly received and in support of her contention she cites *Maxson* v. *Llewelyn*, 122 Cal. 195, [54 Pac. 732], *Muller* v. *Palmer*, 144 Cal. 305, [77 Pac. 954, *Hodgkins* v. *Dunham,* 10 Cal. App. 690, [103 Pac. 351], *Troy Laundry Machinery Co.* v. *Drivers' Independent Laundry Co.*, 14 Cal. App. 152, [111 Pac. 121], *Jones* v. *Grieve*, 15 Cal. App. 561, [115 Pac. 333], and *Luitweiler Pumping Engine Co.* v. *Ukiah Water etc. Co.*, 16 Cal. App. 198, [116 Pac. 707, 712].

All of those cases involved unilateral contracts such as a deed, a bill of sale, a guaranty, an order for merchandise, etc., or contracts resting on parol. She could have cited some cases of the same general nature and which are still later. (*Myers* v. *Lowery,* 46 Cal. App. 682, [189 Pac. 793], and *Crouch* v. *Wilson,* 183 Cal. 576, [191 Pac. 916].) The respondent contends that the evidence was improperly received and the trial court did not err by ignoring the evidence and treating it as though it were not before the court. In this behalf the respondent cites cases which involved bilateral formal written contracts. (*Peterson* v. *Chaix,* 5 Cal. App. 525, [90 Pac. 948], *Tockstein* v. *Pacific Kissel Kar Branch Co.,* 33 Cal. App. 262, [164 Pac. 906], *Munn* v. *Earl C. Anthony, Inc.,* 36 Cal. App. 312, [171 Pac. 1082], *Yuba Mfg. Co.* v. *Stone,* 39 Cal. App. 440, [179 Pac. 418], and *Case Threshing Machine Co.* v. *Copren Bros.,* 45 Cal. App. 159, [187 Pac. 772].) As it was not claimed that the written contract contained a latent ambiguity, it was error to resort to parol testimony for the purpose of showing that respondent sold appellant "2 casings and 3 or 4 tubes," although the same were not mentioned in the contract. (*Peterson* v. *Chaix, supra.*) [2] For the same reason it was not competent to show, under the facts of this case, any express warranties as to the quality or character of the automobile other than as stated in the written contract. (*Munn* v. *Earl C. Anthony, Inc., supra.*) If it be said that the formal contract between the parties was silent as to quality and therefore the evidence was admissible, the answer is that the same rule applies. (*Germain Co.* v. *Armsby Co.,* 153 Cal. 585, [96 Pac. 319]; *United Iron Works* v. *Outer Harbor Co.,* 168 Cal. 81, 85, [141 Pac. 917]; *Electric Storage Battery Co.* v. *Waterloo C. F. & N. Ry. Co.,* 138 Iowa, 369, [19 L. R. A. (N. S.) 1183, 116 N. W. 144].)

[3] The appellant cites section 1767 of the Civil Code and contends that an implied warranty exists under the facts of this case. The undisputed facts show, among other things, that the seller was not the manufacturer of the machine in question; that he had for some time been using it; that it was a second-hand car; that it was present during nearly all of the negotiations and that the seller stated to the buyer that she could have it examined by any me-

chanic, but that she did not do so. The record does not show that it was at any time claimed, or that it is now claimed, that the seller occupied any position of trust or confidence toward the buyer. In *Kellogg Bridge Co.* v. *Hamilton,* 110 U. S. 108, 116, [28 L. Ed. 86, 3 Sup. Ct. Rep. 537, 542, see, also, Rose's U. S. Notes], the court says: "According to the principles of decided cases, and upon clear grounds of justice, the fundamental inquiry must always be whether, under the circumstances of the particular case, the buyer had the right to rely and necessarily relied on the judgment of the seller and not upon his own. In ordinary sales the buyer has an opportunity of inspecting the article sold, and the seller not being the maker, and therefore having no special or technical knowledge of the mode in which it was made, the parties stand upon grounds of substantial equality. If there be, in fact, in the particular case, any inequality, it is such that the law cannot or ought not to attempt to provide against; consequently, the buyer in such cases—the seller giving no express warranty and making no representations tending to mislead— is holden to have purchased entirely on his own judgment." To the same effect are *Barnard* v. *Kellogg,* 10 Wall. (77 U. S.) 383, [19 L. Ed. 987, see, also, Rose's U. S. Notes]; *Hurley-Mason Co.* v. *Stebbins, etc.,* 79 Wash. 366, [Ann. Cas. 1916A, 948, L. R. A. 1915B, 1131, and notes, 140 Pac. 381]; *Byrne* v. *Jansen,* 50 Cal. 624, 627; *Moore* v. *McKinlay,* 5 Cal. 471; *Kenney* v. *Grogan,* 17 Cal. App. 527, 532, [120 Pac. 433]; *Colchord Machinery Co.* v. *Loy-Wilson Foundry Co.,* 131 Mo. App. 540, 547, [110 S. W. 630]. In the text (35 Cyc. 408) it is stated: "On a sale of machinery there is in general an implied warranty that the machine is reasonably adapted to the purpose for which it is purchased. No such warranty is implied, however, on the sale of a second-hand machine." The same rule is stated and followed in *Ramming* v. *Caldwell,* 43 Ill. App. 175, 179; *Perine Co.* v. *Buck,* 90 Wash. 344, [Ann. Cas. 1917C, 341, 156 Pac. 20, 22]; *Bayer* v. *Winton Motor Car Co.,* 194 Mich. 222, [160 N. W. 642, 644]; *Johnson* v. *Carden,* 187 Ala. 142, [65 South. 813].

Excluding from our consideration the oral testimony that was introduced over the objection and exception of the respondent, there was no evidence of a breach of any express

warranty nor of the breach of any implied warranty. The trial court did not err, therefore, in granting the motion. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.