## No. 10,094.

### THE SIGEL-CAMPION LIVE STOCK COMMISSION CO. *v.* ARDOHAIN, ET AL.

Decided May 1, 1922. Rehearing denied June 5, 1922.

Action to recover for sheep alleged to have been sold plaintiff in error. Judgment for plaintiff.

### *Reversed.*

1. PRINCIPAL AND AGENT—*Implied—Estoppel.* An implied agency is real but not apparent; agency by estoppel is apparent but not real.

2. *Agency, How Established.* One dealing with an agent must show actual authority, or apparent authority, relying upon appearances and the doctrine of estoppel.

    A principal may bind himself by causing others to believe the agent's authority to be greater than actually exists, but such acts of the principal must be known to and proved by the party relying thereon.

3. ESTOPPEL—*Pleading.* One relying upon estoppel must plead it.

4. PRINCIPAL AND AGENT—*Evidence.* Facts reviewed and held not to establish agency.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. L. F. TWITCHELL, for plaintiff in error.

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. HARRY SOBOL, Mr. GEORGE OLIVER MARRS, for defendants in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error Ardohain brought suit against plaintiff in error (hereinafter referred to as "the company") and defendant in error Emerson, for $7764 and interest as the purchase price of certain sheep alleged to have been sold by Ardohain and shipped from California and which, upon arrival in Denver, it was said the company wrongfully refused to receive or pay for. By replication Ardohain admitted that these sheep were later sold in Omaha for $5126.35, hence reduced his demand for $2637.65 and interest, a total of $2987.65, for which amount an instructed verdict was returned. To review the judgment thereupon entered the company prosecutes this writ. Just how the company gets rid of Emerson as a codefendant and shifts him to the other side of the cause in this court is not clear, neither is it material. A default having been entered against him below he appeared at the trial as the principal witness for Ardohain who gave no evidence in person or by deposition.

That Ardohain intended to charge both the company and Emerson with participation in the purchase is certain, but in what capacity is doubtful. The language of the complaint is:

"During all of the times hereinafter mentioned and for many years prior thereto, the defendants have been jointly engaged in the business of buying and selling cattle and sheep for and on account of the defendant, The Sigel-Campion Live Stock Commission Company; the details of said joint agreement are unknown to plaintiff, but plaintiff alleges that the defendant Emerson is and during the past twelve years was purchasing agent, 'scalper' and buyer for the defendant, The Sigel-Campion Live Stock Commission Company.

That on, to-wit, the 17th day of June, 1919, at or near the city of Fresno, California, Plaintiff sold and delivered to the defendants at their special instance and request, 866 head of yearling wethers at and for the agreed price of $9 per head, or the total sum of $7764, which sum was due and payable on delivery. Thereupon the plaintiff de-

livered to the defendants said 866 head of sheep and the same were shipped to defendant The Sigel-Campion Live Stock Commission Company at Denver, Colorado."

The company admitted its refusal to receive and pay for the sheep, alleged that Emerson's purchase was not only without its knowledge and consent, which fact it avers was known to Ardohain, but that such purchase was likewise contrary to its direction, and that the consignment by Emerson and the drawing of a draft on the company in payment for the sheep were also without authority.

To minutely review the evidence in this transaction would serve no good purpose. It establishes beyond question that Emerson's purchase of the Ardohain sheep was without authority of the company and contrary to its direction. The judgment if upheld must therefore rest upon an implied agency arising from a course of dealing and this is the theory of counsel for Ardohain. The learned trial Judge thus correctly stated the issue: "The only question now is as to whether or not there is an authority derived from a course of dealing." He thereupon holds that such authority existed. His error arises from a failure to distinguish between implied agency in its true sense and agency by estoppel. The confusion is common in the authorities and seems due to the fact that in many cases the distinction is immaterial.

An implied agency is real but not apparent. It is created by act of the parties and is deduced from proof of other facts. The principal, having voluntarily assumed its obligations, cannot complain that he is bound thereby. Hence it is immaterial that one who seeks its protection did not know of its existence at the time of the transaction. Irrespective of a prior course of dealing which might otherwise tend, in the instant case, to establish such an agency the undisputed evidence before us shows that Emerson's sole authority was to investigate and report. He could then buy only upon specific approval by the company of the particular purchase proposed. This then is not a case of implied agency.

An agency by estoppel is apparent but not real.   It is created by operation of law and established by proof of such acts of the principal as reasonably lead to the conclusion of its existence.   Created for the protection of him who in good faith has relied upon it the acts of the principal which support it must, at the time of the transaction, have been known to him.   2 C. J. 444 sec. 42.

One dealing with an agent may show actual authority though this was not known to him when he dealt, or he may show apparent authority and that he has relied upon appearances, and support this under the doctrine of estoppel.   *Columbia Mill Co. v. National Bank*, 52 Minn. 224, 228, 229, 53 N. W. 1061.

A principal may bind himself by causing others to believe the agent's authority to be greater than actually exists, but such acts of the principal must be known to and proved by the party relying thereon.   He cannot claim reliance upon what he did not know.   *Merchants' Bank v. Nichols & Shephard Co.*, 223 Ill. 41, 50, 79 N. E. 38, 7 L. R. A. (N. S.) 752.

In this respect the evidence does not support the judgment.   Assuming, but not deciding, that the course of dealing relied upon was established, no knowledge thereof was brought home to Ardohain and there is a total absence in the record of any evidence to show that he dealt with Emerson as the agent of the company.   Moreover, such an agency rests upon estoppel which must be pleaded and there is no such plea.

Again, we are confronted by a still more serious defect in the case made by plaintiff below.   The evidence shows that Emerson and the company were in correspondence by letter and telegram.   Emerson's letters show that he told Ardohain he was wiring the company certain prices on these sheep.   The fact is undisputed.   It thus appears Ardohain had full notice that Emerson could not purchase for the company without express acceptance as to price.   The evidence shows no such acceptance.   These facts being known to Ardohain no reliance by him upon an agency

implied from a course of dealing could be upheld. The least that can be said on this phase of the case is that Ardohain was thus put upon inquiry as to Emerson's real authority and was bound to ascertain the extent of his agency.

The judgment is reversed and the cause remanded with directions to enter judgment for the company.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY concur.