### AMERICAN SURETY CO. OF NEW YORK et al. v. STATE. (No. 6635.)

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1922. Rehearing Denied Dec. 20, 1922.)

Venue ⬤⇒22(2)—Several sureties held suable in county of residence of one.

Where a foreign surety company executed a bond to the State Treasurer securing a bank as a state depository, other sureties resident in the state, but not in the county where the surety company had its principal office, also signing the bond, action could be brought on the bond against all the sureties in the county wherein the surety company had its principal office, regardless of where the written obligation was to be performed.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by the State of Texas against the American Surety Company of New York and others. A plea of privilege was overruled, and defendants appeal. Affirmed.

Johnson, Edwards & Hughes, of Tyler, for appellants Seale, Lowery, Pace, Rucker, and Dickinson.

W. A. Keeling, Atty. Gen., and Walace Hawkins, Asst. Atty. Gen., for the State.

KEY, C. J. On the 26th day of February, 1921, the Guaranty State Bank of Troup, Tex., executed, as principal, a bond, made payable to the State Treasurer, for the sum of $90,000. The American Surety Company of New York was the only surety on that bond. Thereafter the following written agreement was entered into:

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The State of Texas, County of Travis.

"Whereas, Guaranty State Bank of Troup, Texas, being a duly qualified and acting depository of state funds for the term ending March 1, 1923, under the laws of the state of Texas, and being now custodian of $44,905.41 of such funds, drawing interest at the rate of 6¼ per cent. per annum, and having as its surety upon its bond as such state depository the American Surety Co. and J. F. Lowery, B. C. Dickinson, J. P. Seale, J. B. Rucker & Chas. Pace did make its proper application unto the state depository board for an extension of the time for the payment of such funds into the state treasury; and

"Whereas, the said state depository board received and considered the said application, and subject to the mutual consent of all parties concerned, granted unto said depository bank, Guaranty State Bank of Troup, Texas, extension of such time whereby it may pay the said deposit in installments as follows:

"On March 1, 1922, $5,000.00, with accrued interest; on October 15, 1922, $10,000.00, with accrued interest; on March 1, 1923, $29,905.41, with accrued interest; on ———, 192—, $———, with accrued interest.

"Now, therefore, this memorandum is to witness that the state depository board and the said depository, the Guaranty State Bank of Troup, Texas, have this day, in consideration of the mutual advantages to be had by each, and in pursuance of an act of the First Called Session of the Thirty-Seventh Legislature, approved August 5, 1921, contracted and agreed that the said funds of the state of Texas on deposit in the said Guaranty State Bank of Troup, Texas, shall be paid into the treasury of the state of Texas, in installments as aforesaid, upon the demand drafts of the State Treasurer drawn on or after the respective dates of maturity of such installments, it being fully understood that the failure of such depository to promptly and fully pay any such draft upon presentment, shall operate to thereby immediately mature all other said installments; and

"Whereas, the said extension effects a change in the existing depository contract of the said Guaranty State Bank of Troup, Texas, as evidenced and secured by the depository bond of said Guaranty State Bank of Troup, Texas, dated ———, 1921, upon which bond American Surety Company and J. F. Lowery, B. C. Dickinson, J. P. Seale, J. B. Rucker & Chas. Pace are sureties.

"Now, therefore, in consideration of the benefits to accrue to its said principal and to itself, the said sureties hereby agree and consent to the foregoing extension, and waive any and all defenses, on such account, which they might have against any liability which may be asserted against them under the terms of such bond; and such bond shall be understood and construed as further guaranteeing the payment of such deposit in accordance with the terms of this contract.

"In witness whereof the several parties hereto have executed these presents on this the 20th day of August. W. A. Keeling, Ed. Hall, G. N. Holton, State Depository Board. Guaranty State Bank, Troup, Texas, Depository [Bank Seal] by J. F. Lowery, Its President and by W. A. Sandlin, Its Vice President. American Surety Company of New York, Surety, by Jas. E. Lucy, Its Resident Vice President. Attest: E. F. Gregory, Resident Assistant Secretary. [Surety Company's Seal.] J. P. Seale. B. C. Dickinson. J. F. Lowery. Chas. Pace. J. B. Rucker."

On April 19, 1922, the state brought suit in the district court of Travis county, against the American Surety Company of New York, J. P. Seale, B. C. Dickinson, J. F. Lowery, Chas. Pace, and J. B. Rucker, seeking to recover the sum of $44,905.41, together with interest thereon. The petition alleged the insolvency of the bank; also, that it was indebted to the state for the amount sued for; and that the defendants were liable as sureties upon the bond and the written agreement stipulating for an extension of time of payment. The petition also alleged that the defendant American Surety Company of New York was a foreign corporation, doing business in Texas under a permit guaranteed by the state, and that its main office in the state of Texas was in Austin, Travis county, and that James E. Lucy was its agent. It also alleged that B. C. Dickinson, one of the other defendants, resided in Rusk county, Tex., and that the other defendants, except the bonding company, resided in Smith county, Tex.

All of the defendants, except the bonding company, filed timely pleas of privilege, in due form, challenging the right of the plaintiff to maintain the suit against them in Travis county. The state filed controverting plea, and, after hearing the testimony, the court overruled the pleas referred to; and the defendants who presented those pleas have appealed from that ruling.

We sustain that ruling, because appellants, having made themselves parties to the agreement for the extension, thereby became obligated to the state for the payment of the debt which the bank owed to the state and had failed to pay. It is true that the appellants did not sign, and therefore were not originally liable upon, the original bond, though it is said in the agreement for the extension that they were sureties upon that obligation. Their counsel stated, in their brief, that why that recital was embodied in the extension agreement, and why the latter was signed by the appellants, is inexplicable. Be that as it may, the fact remains that in order for the bank to obtain an extension of time on a large amount of indebtedness, the appellants signed the extension agreement which made them sureties for the payment of the debt therein referred to; and if the surety company, within the purview of the venue statute, was a resident of Travis county, or if the written agreement signed by the appellants obligated them to pay the debt in Travis county, then the plaintiff had the right to sue all the defendants in that county.

Counsel for the state assert the affirmative of both of these propositions, and we sustain that contention as to the first, and pretermit a decision of the second. Having the right to sue the bonding company in Travis county, plaintiff had the right to sue all the other defendants in that county, regardless of where the written obligation was to be performed. This holding results in an affirmance of the judgment, and it is so ordered.

Affirmed.