## No. 11,314.

### MOORE v. SWITZER.

Decided September 14, 1925.

Action for breach of warranty of automobile.  Judgment for plaintiff.

### *Reversed.*

### *On Application for Supersedeas.*

1. PRINCIPAL AND AGENT—*Implied Authority.*  Implied authority of an agent is authority evidenced by conduct of the principal which would justify a jury in finding that the agent had actual authority to do what he did.

2. *Authority by Estoppel.*  Authority by estoppel is not actual, but apparent only, and is imposed on the principal because his conduct has been such as to mislead, so that it would be unjust to let him deny it.

3. PLEADING—*Estoppel.*  Estoppel, if relied upon, must be pleaded.

4. PRINCIPAL AND AGENT—*Implied Authority—Proof.*  Authority by implication must be proved either by acquiescence with knowledge, or by such conduct of the agent that knowledge and acquiescence may be thence found by the jury.

5. SALES—*Automobiles—Authority of Agent.*  An automobile salesman with authority to fix prices and terms of payment has not, ipso facto, authority to warrant the condition of a second-

hand machine, but only implied authority to make such warranties as the law would imply if the principal had made the sale.

6.      *Warranty—Directed Verdict.*   In an action for breach of alleged implied warranty on a second-hand automobile, there being no evidence that the selling agent had authority to make the warranty, a verdict should have been directed for defendant on motion.

7.      EVIDENCE—*Principal and Agent.*   In an action involving the authority of an agent to warrant a second-hand automobile, it was error for the court to exclude evidence of the principal as to what the express authority of the agent was.

8.      PRINCIPAL AND AGENT—*Authority—Evidence.*   The declarations of an agent cannot be used to show his authority.

9.      INSTRUCTIONS—*Estoppel.*   Where, under the pleadings, estoppel is not an issue, instructions upon that question should not be given.

*Error to the County Court of Adams County, Hon. George A. Garard, Judge.*

Messrs. YEAMAN, GOVE & HUFFMAN, Mr. FRED A. HARRISON, for plaintiff in error.

Mr. J. PAUL HILL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

SWITZER had a verdict and judgment against Moore for breach of warranty of an automobile sold by Moore to Switzer, and Moore brings error.

The complaint stated that defendant, by one Potter, his agent, agreed to sell a second-hand automobile to plaintiff, and plaintiff agreed to purchase the same, "With the express understanding and agreement   *   *   *   that the cylinders were not scored and   *   *   *   that if the said cylinders were scored that plaintiff would return" the car and get back the price; that plaintiff received the car, paid

fifty dollars down and gave notes for the balance; that the cylinders proved to be scored; that he returned the car and sues for the price. Since the parties have interpreted and treated that contract as a warranty we will do the same. If it were to be deemed an agreement to rescind it would be a variance of the notes and so inadmissible. *Dodo v. Stocker*, 74 Colo. 95, 219 Pac. 222. Whether a warranty varies the notes we do not say.

The defence was that Potter had no authority to make such an agreement, but only to sell for not less than 40 per cent cash and that other terms had to be submitted to the principal for approval which was not done. Defendant now claims he was entitled to a directed verdict because there was no evidence of authority to make the contract alleged in the complaint. His claim is right.

There was no evidence of express authority to warrant. The plaintiff says in his brief that he relies on implied authority, but much of his argument is based on authority by estoppel. For the distinction between these sorts of agency see *Sigel-Campion Co. v. Ardohain*, 71 Colo. 410, 412, 207 Pac. 82. Implied authority of an agent is actual authority evidenced by conduct, that is, the conduct of the principal has been such as to justify the jury in finding that the agent had actual authority to do what he did. This may be proved by evidence of acquiescence with knowledge of the agent's acts, and such knowledge and acquiescence may be shown by evidence of the agent's course of dealing for so long a time that knowledge and acquiescence may be presumed. Knowledge of this course of conduct by one dealing with the agent is irrelevant, but knowledge thereof by the principal is not only relevant but essential and must be proved either directly or indirectly as above.

Authority by estoppel is not actual, but apparent only, and is imposed on the principal because his conduct has been such as to mislead, so that it would be unjust to let him deny it. *Butler v. Marsh*, et al., 66 Colo. 45, 47, 178 Pac. 569.

Estoppel must be pleaded but was not and so implied authority is the only support plaintiff's case can claim. *Sigel-Campion Co. v. Ardohain, supra.* Authority by implication must be proved, so far as this case is concerned, either by acquiescence with knowledge or by conduct of the agent for so long and so continuously that the knowledge and acquiescence may be thence found by the jury. We do not find any such evidence. Testimony of plaintiff himself was admitted that plaintiff had been told by others of cases in which Potter had acted as defendant's agent. This, even if relevant as to estoppel of defendant to deny agency, was irrelevant as to implied agency, and, upon that issue, was mere hearsay.

There was also testimony of other witnesses of transactions with Potter for Moore but none in which any warranty had been made. There was much testimony of what Potter had said about his own transactions. The defendant's objections to this are noticed below, but we do not find that even he ever said that he had made or had authority to make a warranty.

The most that can be said for plaintiff is, what was admitted by defendant in the pleadings and in the evidence, that Potter was his salesman, and testimony that he sometimes fixed the price and terms of payment, but there is no evidence or claim that he ever warranted.

The question then is whether a salesman of automobiles with authority to fix prices and terms of payment has, ipso facto, authority to warrant, or whether the jury, from such condition alone, may infer authority to warrant, the condition of a second-hand machine. The answer must be no. An agent to sell has, ipso facto, implied authority to make such warranties as the law would imply if the principal made the sale; and such warranty of the quality and condition of the car as is usual and customary in like sales of similar property at that time and place. Berry on Automobiles (4th Ed.), § 1546. To the same effect Huddy on Automobiles (6th Ed.), § 848. But there is no implied warranty of the condition of a second-hand

machine (35 Cyc. 408, *Lamb v. Otto,* 51 Cal. App. 433, 197 Pac. 147; Berry on Autos [4th Ed.] § 1552), and there is no evidence of any usage or custom at Aurora or Bennett where the transactions in question were had. The conclusion is unavoidable, then, that Potter's authority to make the warranty in question was not shown, and a verdict for defendant should have been directed.

The court was also in error in excluding the evidence for defendant of what the express authority of the agent was, since it tended to refute the conclusion of actual authority sought to be drawn from the evidence. The effect of this ruling was that plaintiff might prove actual authority, but defendant might not disprove it.

The court was also wrong in admitting evidence of what Potter said as to his powers because it is elementary that the declarations of an agent cannot be used to show his own authority. Of their competency if known to both plaintiff and defendant in a case involving the question of authority by estoppel we do not speak.

It follows, of course, from what has been said that the instructions relative to authority by estoppel should not have been given.

Supersedeas denied, judgment reversed, and new trial granted.

Mr. Chief Justice Allen and Mr. Justice Whitford concur.