## TIBBETS & PLEASANT, Inc., v. TOWN OF FAIRFAX.

No. 19448. Opinion Filed Oct. 14, 1930.

Allen, Underwood & Smith, for plaintiff in error.

Johnson & Stith, for defendant in error.

TEEHEE, C. Appellee, the town of Fairfax, brought suit to recover of appellant, Tibbets & Pleasant, Inc., the sum of $700, alleged to be due as the purchase price for a road oiler wagon under an oral contract of sale between the parties. Issues having been framed by appropriate pleadings by the parties, and a jury being waived, the cause was tried to the court, resulting in a judgment for plaintiff in the amount sued for with interest and costs of suit.

Among several defenses interposed by defendant, the one relied on here is plaintiff's alleged breach of an implied warranty of fitness of the property for the purposes for which the same was purchased.

Complaining of the judgment against it, defendant states the case on appeal, to wit:

"Since it was proved without dispute that plaintiff was informed as to the purpose for which the property was to be used by defendant, there was an implied warranty of its fitness for such purpose, and as the evidence showed that the machine was worthless, the trial court erred in rendering judgment in favor of plaintiff and in refusing to render judgment in favor of defendant."

To sustain its position, defendant relies on the rule applied by this court in G. M. C. Truck Company v. Kelly, 105 Okla. 84, 231 Pac. 882, Olson v. Sullivan, 109 Okla. 297, 234 Pac. 634, and many other cases, which is to the effect that, in the absence of a contract to the contrary, in the "sale of machinery there is in general an implied warranty that the machinery is reasonably adapted for the purposes for which it is purchased." 35 Cyc. 408. Under the facts of the case, we think the rule to be without application.

Plaintiff had purchased the machine for the purpose of oiling its streets with a light weight oil, and the machine was successfully so used in spreading several carloads of oil until plaintiff's streets were paved, when the machine became of no further use and was set aside as surplus machinery.

Defendant was a highway contractor, and at the time of the contract was engaged in road construction near the town of Fairfax. It was in the market for a like machine, but intended to use a heavier oil or liquid asphalt than had been used by plaintiff. Defendant saw the machine and after inspection sought to buy it from plaintiff. The machine was constructed with a heating apparatus so that the oil used may be kept of a proper consistency.

In the negotiations, defendant's representative stated that the purpose for which he wanted the machine was to transport hot liquid asphalt from a heating plant to the point of road construction and to keep the asphalt in proper liquid consistency for the spreading application, and that he then was in negotiation with certain parties in Ohio for such a machine with the price approximately $700 f. o. b. Ohio. Whether or not the machine in Ohio was a new one or otherwise is not shown. Seven hundred dollars was agreed upon as the purchase price, and the property was turned over to defendant.

In the course of the negotiations, plaintiff's representative was asked if, in his opinion, the heating apparatus of the machine would keep the asphalt in liquid form and at a proper consistency for the purpose intended, and he stated that, though he had never used asphalt, it was his belief that it would so serve defendant's purposes.

Defendant kept the machine about three months. It did not do the work in the manner desired, even with changes in the heating apparatus. Thereupon defendant proposed to rue the bargain and pay plaintiff $10 per day for the time of use, and that plaintiff take back the machine.

The proposal was rejected by plaintiff on the ground that the contract constituted an unconditional sale. Thereupon defendant took the machine back to the place from where it had been taken. Following defendant's refusal to pay for the machine, plaintiff brought this suit.

From the facts it is clear that the machine involved was a second-hand machine, that defendant knew this, and that plaintiff was neither a dealer nor a manufacturer, as naturally would be assumed. Defendant agreed to buy the machine after inspection, and knew its condition. It would seem that from the nature of its business, defendant would have a better judgment than plaintiff as to the performance of the machine in the work for which it was purchased.

In these circumstances, we think the case is clearly brought within the rule as stated in Bayer v. Winton Motor Car Co., 194 Mich 222, 160 N. W. 642, to wit:

"The principle of an implied warranty, an exception to the general rule of caveat emptor, does not apply to the purchase of second-hand machinery."

The rule is expressed in similar language in Lamb v. Otto, 51 Cal. App. 433, 197 Pac. 147; Fairbanks Steam Shovel Co. v. Holt & Jeffery, 79 Wash. 361, 140 Pac. 394, L. R. A. 1915B, 477; Ramming v. Caldwell, 43 Ill. App. 175; American Surety Co. v. State (Tex. Civ. App.) 245 S. W. 1033; Moore v. Switzer, 78 Colo. 63, 239 Pac. 874; 35 Cyc. 408; 24 R. C. L. topic Sales, sections 444 and 461; 1 Williston on Sales (2nd Ed.) 447, sec. 232.

It logically follows that the judgment of the court was correct, and that the same should be, and is hereby, affirmed.

REID, LEACH, and EAGLETON, Commissioners, concur.

BENNETT, Commissioner, concurs in result.

By the Court: It is so ordered.

Note.—See under (1) anno. L. R. A. 1915B, 478; 29 A. L. R. 1231; 24 R. C. L. p. 170; R. C. L. Perm. Supp. p. 5426.