## No. 12,414.

### GIOSO ET AL. *v.* DI BELL ET AL.
(295 Pac. 919)

Decided January 13, 1931. Rehearing denied February 16, 1931.

Messrs. FOWLER & FOWLER, for plaintiffs in error.

Mr. FRANK McDONOUGH, JR., Mr. GILBERT L. McDONOUGH, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PAYMENT was made on a note to one who assumed to act as agent and who appropriated the money. The question here is, Who must lose?

Plaintiffs in error are hereinafter referred to as plaintiffs, defendants in error as defendants, or as Di Bell, Mrs. Di Bell, and Hotz, and one James A. Fleming, who did some business under the fictitious name of Frances Borwig, as Fleming.

May 15, 1922, Di Bell gave his note for $2,000 to "Frances Borwig." It drew six per cent semiannual interest, was secured by a trust deed to Hotz on the home of Di Bell, and was payable in one year at the office of Fleming. When the note came due Fleming, at the request of Di Bell, extended it to May 15, 1926. About May 15, 1923, Fleming sold the note and security to plaintiffs. December 22, 1924, Di Bell conveyed his home to Mrs. Di Bell. September 5, 1925, Mrs. Di Bell paid to Fleming, on principal, $800. Fleming did not then have possession of the note, kept the money and never indorsed the payment. In May, 1926, Fleming, in the name of Borwig and with the consent of Gioso, extended payment to May 15, 1929.

Fleming paid interest to plaintiffs annually in May of each year up to and including 1927, although Di Bell had paid none. His first payment was $600 for five years' interest and was made September 8, 1927. On the back of this note appear the Borwig indorsement to plaintiffs, the two extensions of time of payment, and three entries reading "Paid Int. to date." All this is in the handwriting of Fleming. Although during all the time here covered plaintiffs and Mr. and Mrs. Di Bell were neighbors and intimate friends, the former not only made no attempt to collect principal or interest, but never disclosed the fact of their ownership until after the arrest of Fleming, who now appears to be serving a sentence in the state penitentiary under conviction on another charge.

Plaintiffs brought foreclosure and Di Bell claimed credit for the $800 paid September 5, 1925. This credit was allowed by the court and plaintiffs bring error.

 As a simple matter of justice the judgment would seem right, on the general principle that when one of two innocent persons must suffer from the acts of a third he must suffer who put it in the power of the wrongdoer to inflict the injury. Plaintiffs dealt with Fleming and made him their agent. A word from them to their friends that they owned the paper would doubtless have prevented the loss. They paid little attention to the conduct of their agent or their business. But they say agency to collect interest is not agency to collect principal and that he who pays negotiable paper before maturity to one who does not have the paper in possession and without indorsement of the payment does so at his peril. Such is the general rule. *Wales v. Mower,* 44 Colo. 146, 96 Pac. 971. They also say there was no express authority to collect principal. That we will assume, although it is disputed and doubtful. Di Bell answers that a general agency, including, of course, agency to receive payment of principal before maturity, may be implied from agency to collect interest, plus agency to

materially change the contract, plus other surrounding facts and circumstances. That also is true. *Galligan v. Schapiro*, 82 Colo. 423, 260 Pac. 519; *Hahn v. Alexander*, 87 Colo. 353, 287 Pac. 855.

Upon what facts is this defense in the instant case founded? Fleming altered the contract by a change of the date of maturity after Gioso became the owner and with his knowledge and approval. The note called for semiannual payments of interest. Perhaps plaintiffs did not know that none was in fact paid until September, 1927, since Fleming paid them. But they were put upon notice that Fleming had altered the contract from semi-annual to annual interest because for four consecutive years he so paid.

Whether Fleming was in fact general agent for plaintiffs, and hence authorized to collect principal, can only be known to him and them and is of little importance here. "A principal may bind himself by causing others to believe the agent's authority to be greater than actually exists." *Sigel-Campion Co. v. Ardohain*, 71 Colo. 410, 413, 207 Pac. 82. That is what these plaintiffs did. The judgment is accordingly affirmed.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Alter concur.