## No. 14,409.

### BURCK *v.* HUBBARD.
(88 P. [2d] 955)

Decided March 13, 1939.   Rehearing denied April 3, 1939.

Mr. W. RICHARD MEANS, Mr. ALBERT S. ISBILL, for plaintiff in error.

Mr. Clarence L. Bartholic, Mr. Frank McDonough, Sr., for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This action was to foreclose a deed of trust. Defense was payment to the note holder's agent. The case was tried to the court, who found for defendant in error Hubbard. Burck, plaintiff in error, plaintiff below, holder of the note secured by the deed of trust, seeks reversal on a writ of error.

Parties agree that the judgment must stand or fall, depending on whether the evidence contains sufficient facts from which an agency may properly be implied.

The note involved is in words and figures as follows: "$2500. Denver, Colorado, September 21, 1918. Three (3) years after date, for value received I promise to pay to the order of H. F. Behneman Twenty-five hundred—00/100 Dollars at office of H. F. Behneman, Denver, Colo. with interest at the rate of six (6) per cent per annum payable semi annually as per six coupons hereto attached. It is agreed that on failure to pay any installment of interest when due, the holder hereof may declare the principal due and payable at once, and it is also agreed that if this note is not paid at maturity it shall thereafter draw interest at the rate of 8 per cent per annum.

"Henry F. Behneman.
"Due Sept. 21st, 1921."

On the margin of said note appears the following: "This note is secured by Trust Deed on Lots 5 and 6 Blk 4 Ridgeland.
2373 Fairfax St.                                        No. 5519"

On the back of said note are the following indorsements:
"9/21/21   Interest paid to 9/21/21.

Time of payment extended to Sept. 21st, 1924 on same conditions existing.

"H. F. Behneman.

"3/21/24  Interest Rec'd.  $75.00.

Time of payment extended to Sept. 21/27.  On same conditions existing.

"H. F. Behneman.

"Received $75.00 Int. to 3/31/25
"        "        "    " 9/21/25
"        "        "    " 3/21/26
"        "        "    " 9/21/26
"        "        "    " 3/21/27
"        "        "    " 9/21/27
"        "        "    " 3/21/28
"        "        "    " 9/21/28
"        "        "    " 3/21/29
"        "        "    " 9/21/29
"        "        "    " 3/21/30
"        "        "    " 9/21/30
"        "        "    " 3/21/31
"        "        "    " 9/21/31
"        "        "    " 3/21/32

"Pay to the order of Florence A. Burck without Recourse.

"H. F. Behneman

"Received $75.00 Int. to 9/21/32
"        "        "    " 3/21/33
"        "        "    " 9/21/33

"Note extended to 9/21/36 under same existing conditions

"Paid on Princ 9/22/33        $250.00
"Received $67.00 Int. to 3/21/34
"Paid on Princ. 4/3/34         250.00
"    "      "     4/6/35        250.00
"Bal. of loan $1750.00
"Paid 52.50 Int. for 9/21/35
"All interest paid up to 9/21/35
"Paid Int. to 9/21/36."

On the margin of the back of said note is the following: "Without Recourse Pay to the order of Florence A. Burck."

The pleadings named M. W. Behneman Ward, formerly M. W. Behneman, trustee, as a party defendant. As the note indicates, it was assigned to Florence A. Burck, a sister of the plaintiff, and later by her to plaintiff.

September 21, 1933, Burck and Hubbard entered into an extension agreement which is in words and figures as follows:

"Know all men by these presents, that whereas, there was recorded on the 23rd day of September, A. D. 1918, in Book 2756 at Page 173 of the records in the office of the County Clerk and Recorder of the City and County of Denver in the State of Colorado, a certain deed of trust dated the 21st day of September, A. D. 1918, executed and delivered by Henry F. Behneman to secure to H. F. Behneman the payment of an indebtedness in said instrument particularly mentioned, creating a lien upon the following described property in said City and County of Denver, to-wit:

"Lots numbered five (5) and six (6), in Block numbered four (4), Ridgeland.

"And, whereas, twenty-two hundred fifty and no/100 dollars of said indebtedness remain unpaid, with interest paid to September 21st 1933, and, whereas, Ray D. Hubbard is the legal owner of said property, and whereas, R. D. Burck is the owner of said indebtedness above referred to, and whereas, the parties hereto desire to agree upon an extension of the time of payment of said indebtedness,

"Now, therefore, for a valuable consideration, it is hereby agreed that the time of payment of said indebtedness is hereby extended to the 21st day of September, A. D. 1936, subject to the terms of the note representing said indebtedness and the instrument creating the lien securing the same except Two hundred and fifty dollars

of the principal shall be due and payable on March 21st 1934, and an additional two hundred and fifty dollars of the principal shall be due and payable on March 21st 1935, and the lien created by said instrument and notice thereof shall continue and be in full force and effect.

"In consideration of the granting of said extension Ray D. Hubbard, the legal owner of said property, hereby agrees to be personally liable for the payment of said indebtedness, and all interest and charges thereon, and that all of the terms of the instrument creating the lien securing the payment thereof shall be and remain in full force and effect except as aforesaid.

"Dated this 21st day of September, A. D. 1933.

"Ray D. Hubbard,
"R. D. Burck.

On the reverse side appears the following:

"Examined

"Extension of Trust Deed, Mortgage, etc.

"between Ray D. Hubbard and R. D. Burck

"State of Colorado } ss.
"City and County of Denver

"I hereby certify that this instrument was filed for record in my office at 3:30 o'clock P. M., Sep. 22 1933, and is duly recorded in Book 4726 page No. 522.

"Albert C. Monson,
"Clerk and Recorder.
"By [Signed] Anna S. Wilson,
"Deputy.

"R. D. Burck
"405 Boston Bldg."

It appears from the record that this extension agreement was prepared by Burck and signed by the parties in the office of the Behneman company, at which time $250 was paid on the principal by check and endorsement thereof made by an employee of the company and cashed by plaintiff. After the recording of the extension agree-

ment it was returned to "R. D. Burck, 405 Boston Bldg.," the office of H. F. Behneman Company.

Payments were made by Hubbard at the office of H. F. Behneman Company by check payable to the company, as follows: March 21, 1936, interest to date and $250 on principal, leaving a balance due of $1500 and on or about October 3, 1936, interest to date and $500 on the principal, leaving a balance due of $1000 which he paid into court. These $250 and $500 payments on the principal were embezzled by an employee of the Behneman Company and never remitted to Burck, but the interest payments were sent to him and are endorsed on the note.

March 21, 1934, Wm. G. Ward, assignee of F. H. Behneman Company (which meanwhile had failed) wrote to Hubbard on the company's stationary as follows:
"Dear Mr. Hubbard—

"Enclosed please find receipt for your money.
"Regret the error, but figuring is a little out of my line. Van Murphy is the champion at that.

"Yours truly
"W. G. Ward."

During the entire time the note was outstanding, it was carried on the company's books as account No. 5519 and the receipts and disbursements noted. The same number appears in red ink on the face of the note. Statements as to interest due thereon had for several years (1921-30) been sent out by the company, copy of one of them being as follows:

"Office of
"H. F. Behneman
"405 Boston Building.

"Denver, Colo.          9/1/23
"To Mr. Ray D. Hubbard
"2373 Fairfax St
"Your int. for $75.

"Interest $......
"Total $......

"Will be due at my office on Sept. 23, 1923.

"Please give the same your attention.

"Very truly yours,

"H. F. Behneman.

"Paid Sep. 24, 1923 H. F. Behneman. Thanks."

On all of these statements appears the company's identification number, 5519. It is true that no statements were sent after the execution of the extension agreement, but Hubbard continued making his payments in the same manner, and the remittances made by the company to Burck were accepted by him without objection.

As has been noted, the note recites that it was payable "at the office of H. F. Behneman, Denver, Colo." and that the extension agreement recited it was made "subject to the terms of the note."

In addition there was evidence that the Burcks were interested in other deals with the company, and that an effort was made to collect the embezzled $750 from another source. No demand was made on defendant by plaintiff until January 1, 1937.

We think the above facts justified the trial court's finding, that H. F. Behneman Company was the agent of Burck in receiving the payments prior to the due date set out in the extension agreement; that is, September 21, 1936.

The parties agree, and it is the law, "That when one of two innocent persons must suffer from the acts of a third he must suffer who put it in the power of the wrongdoer to inflict the injury." *Gioso v. Di Bell,* 88 Colo. 287, 295 Pac. 919. "When payment is made to the payee after transfer of a promissory note, and the maker does not exact delivery of the note itself, the maker's liability, according to the general rule, still continues. To that rule, however, there are several well-known exceptions. One of these is that, even though the note is not surrendered at the time of payment, the payment is effectual as a discharge if the one to whom payment is made has been given either express or implied

authority to receive it; in other words, if under the law he is the agent of the holder for that purpose." *Stock Yards Bank v. Neugebauer,* 97 Colo. 246, 48 P. (2d) 813.

While the correctness of the trial court's finding, that the company was Burck's agent to receive anything less than the extension agreement called for on September 21, 1936, when the whole amount of the indebtedness became due and payable, may be open to question notwithstanding our holding that it was justified by the evidence, we are of the opinion that it was undoubtedly right as to the second proposition, on the theory that plaintiff is estopped from denying the company's agency on the last collection.

In the case of *Frost v. Fisher,* 13 Colo. App. 322, 341, 58 Pac. 872, a somewhat similar case, we find the following: "And if the company had authority to receive all the money before the ultimate maturity of the note, it had the same authority to receive a portion." There is nothing in the record before us to indicate that Burck was going to demand payment in full on September 21, 1936, and the note contains the statement that if it "is not paid at maturity it shall thereafter draw interest at the rate of 8% per annum." Defendant probably assumed that in view of this condition he had the right to make a partial payment after maturity. He did make such a payment, and it was accepted by the party he believed, and had a right to believe, was Burck's agent. It was three months after he made the payment that he learned what had happened and that Burck made a demand for payment. The opinion in the Frost v. Fisher case, supra, goes on to say, page 342, "The proof tended to show that Mr. Drummond had full charge of Mr. Chaney's business, so far at least as this note was concerned, and, in relation to it, was authorized to speak for him; and an inference is deducible from the letter that prior to the failure of the company, the writer, as Chaney's agent, looked to it for the collection of the note,

both interest and principal." True, the court there said that this "was only an inference, and, of itself, would not have much weight," but here the trial court thought the weight of the evidence sufficient to tip the scales of justice in defendant's favor. We do not feel disposed to disregard that finding.

In a very similar situation, it was recently held, "Where the holder of a note, by his acts and conduct, in the light of all the facts and circumstances of the case, leads the maker to believe one has authority to receive payment of the note or part thereof, and payment is made to such person in good faith under the belief that he has authority to receive such payment, the holder is estopped from denying such authority." *DeWolf v. Church,* 180 Okla. 66, 69, 67 P. (2d) 930, 934.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.