Christa A. BOHRER, Plaintiff–Appellee,

v.

Daniel DeHART, et al., Defendants,

and concerning Rhinosoft, LLC, GarnisheeAppellant.

No. 97CA1042.

Colorado Court of Appeals, Div. III.

Nov. 13, 1998.

Rench, Seelen & Hazen, Joyce Seelen, Denver, Colorado, for Plaintiff–Appellee

No Appearance for Defendants

Rossi & Maricle, P.C., Paul J. Hanley, D. Laird Blue, Denver, Colorado, for Garnishee–Appellant

Opinion by Chief Judge HUME.

Rhinosoft, LLC, as garnishee, appeals the judgment of the trial court finding it in default under a writ of continuing garnishment filed by plaintiff, Christa Bohrer. We affirm.

Bohrer obtained a judgment in a civil suit against defendant, Daniel DeHart. *See Bohrer v. DeHart*, 961 P.2d 472 (Colo.1998). Ongoing disputes have arisen regarding the collection of that judgment, resulting in numerous court proceedings regarding payments to be made under various writs of continuing garnishment filed by Bohrer.

DeHart is employed by garnishee, which he owns and operates with his wife. They are the only two employees of the company. This appeal arises out of a writ of continuing garnishment served in December 1996 and concerns whether it was in effect when garnishee disbursed funds to DeHart on March 5, 1997. Bohrer filed a Verified Request for Default to Garnishment, which was granted by the trial court.

## I.

Garnishee first contends that the plain language of C.R.C.P. 103 §1(d) prohibits Bohrer, as a judgment creditor, from filing more than one writ of continuing garnishment in aid of collection during the same ninety day period. We disagree with garnishee's contentions in this regard.

C.R.C.P. 103 §1(d) provides, in pertinent part:

> In any civil action, a judgment creditor shall serve no more than one writ of continuing garnishment upon any one garnishee for the same judgment debtor during any ninety (90) day period. This restriction shall not preclude the issuance of a subsequent writ within the ninety (90) day period.

The facts, as found by the trial court, are as follows. Garnishee, through its attorney, sent a letter to Bohrer's attorney which read:

> One additional request: Evelyn DeHart, Daniel DeHart, and Rhinosoft, LLC have authorized me to accept service for them directly. Therefore, should you have anything to serve upon them, please do not bother Mrs. DeHart at home. Simply forward any papers to this office with an acknowledgment form, and I will return the form to you for your records.

Pursuant to this letter, Bohrer's attorney attempted service of a writ of continuing garnishment on garnishee on December 3, 1996, by mailing the papers to garnishee's attorney.

After receiving no acknowledgment by garnishee's attorney that notice of the writ of garnishment had been received or forwarded to garnishee, Bohrer's attorney again served the notice of writ of garnishment, this time by personal service on garnishee's attorney.

Garnishee contended that it had received the first writ dated December 3, 1996, and that, therefore, the ninety-day period expired

on March 3, 1997. Bohrer served another writ of continuing garnishment on March 5, 1997; however, service was effected after garnishee disbursed funds earlier that day. Therefore, garnishee argues that no writ was in effect at the time of the disbursement of the funds on March 5.

The trial court, in both its oral and written rulings, found that no acknowledgment of service was returned by garnishee's attorney for the writ sent on December 3, 1996. In addition, garnishee did not produce evidence, documentary or otherwise, of a date of service of the first writ. However, Bohrer provided the court with a notarized return of service dated December 30, 1996.

■ The trial court held that service of the writ of continuing garnishment was actually made on December 30, 1996. By operation of C.R.C.P. 103, it was effective for ninety days following service; thus, when the disbursement was made by garnishee to De-Hart on March 5, a valid writ was in effect.

■ A trial's court findings of fact are binding on review unless they are clearly erroneous and not supported by the record. *See M.D.C./Wood, Inc. v. Mortimer,* 866 P.2d 1380 (Colo.1994). As the record supports the trial court's determination as to the actual date of service of the writ, we may not overturn that determination.

Nevertheless, garnishee argues, for the first time on appeal, that C.R.C.P. 103, in conjunction with §13–54.5–104, C.R.S.1998, which provides a means of determining priorities among multiple garnishments, invalidates Bohrer's writ because it was served within ninety days of a writ dated October 9, 1996. Therefore, under garnishee's theory, neither of the writs served in December would have been valid.

Even if we assume that this argument was preserved for appellate review, we reject garnishee's contention.

■ The provision of C.R.C.P. 103 prohibiting the service of more than one writ by a single judgment creditor during a ninety-day period is designed to effectuate §13–54.5–104(1)(a), C.R.S.1998. That statute provides in pertinent part:

Only one writ of continuing garnishment against earnings due the judgment debtor shall be satisfied at one time. When more than one writ of continuing garnishment has been issued against earnings due the same judgment debtor, they shall be satisfied in the order of service on the garnishee.

*See also* §13–54.5–104(2)(b), C.R.S.1998. These provisions are designed to ensure that one judgment creditor does not "stack" writs of continuing garnishment to the preclusion of other judgment creditors who may wish to seek and serve a writ against the debtor's earnings.

However, C.R.C.P. 103 §1(f)(2) provides:

When a writ of continuing garnishment is served upon a garnishee during the effective period of a prior writ, it shall be effective for the ninety (90) days following the effective period of any prior writ.

■ If, as here, no other judgment creditors have attempted to serve writs of continuing garnishment against garnishee, the writs served during the ninety-day effective period of any prior writs became effective upon the expiration of those prior writs.

Thus, even if two writs were served in December, the March 5, 1997, disbursement by garnishee was subject to a valid writ of continuing garnishment. Therefore, the default judgment was properly entered against garnishee.

## II.

Garnishee next contends that the trial court erred in including an amount it labeled a "distribution" as earnings subject to the writ of continuing garnishment. We find no error.

Two checks were issued to DeHart by garnishee on March 5, 1997. The second of these checks, in the amount of $7,875, was denominated a "distribution." The trial court held that the check represented compensation paid to DeHart for personal services rendered and, thus, fell within the definition of "earnings" contained in §13–54.5–101(2), C.R.S.1998.

Section 13–54.5–101(2)(a)(I), C.R.S.1998, defines "earnings" as: "Compensation paid

or payable for personal services, whether denominated as wages, salary, commission, or bonus...."

Upon review of the record, we hold that the trial court's factual finding in this regard is supported by the evidence. Over the long and tortured history of the collection attempts in this case, the trial court received evidence, including deposition and in-court testimony of DeHart, which established that the income received by the garnishee company was solely the product of work and services performed by DeHart.

Garnishee points only to the testimony of Evelyn DeHart, Daniel DeHart's wife and the only other employee of garnishee, as establishing that the second check was, in fact, a "distribution" under §13–54.5–101(2)(b)(III), C.R.S.1998, rather than wages or a bonus. Garnishee presented no other evidence establishing a factual basis for labeling the second check in this manner.

It is the prerogative of the trial court as trier of fact to determine the credibility of witnesses and the weight, sufficiency, and probative value of evidence presented. *See C.P. & Son, Inc. v. Board of County Commissioners*, 953 P.2d 1303 (Colo.App.1998).

Thus, as garnishee did not affirmatively establish that the disbursement it called a "distribution" was anything other than "earnings" as defined by the statute, we find no error in the trial court's determination that the funds represented by the second check were subject to the writ of continuing garnishment.

### III.

Based on the foregoing, we find no error in the trial court's award of attorney fees and costs in favor of Bohrer.

We also reject garnishee's contention that money paid under void writs should be returned to the garnishee. As indicated above, the writs in this case were not void.

The judgment is affirmed.

JONES and RULAND, JJ., concur.