### In re the MARRIAGE OF Paul C. ROBBINS, Appellee,

### and

### Maria D. Robbins, and concerning Garfield County Child Support Enforcement Unit, Intervenor–Appellant.

#### No. 99CA1236.

Colorado Court of Appeals, Div. II.

July 20, 2000.

Boyd & Bazil, LLP, James B. Boyd, Rhonda J. Bazil, Aspen, Colorado, for Appellee.

Fahrenholtz, Kleinschmidt, Stephens & Shamis, LLC, Jonathan K. Shamis, Avon, Colorado, for Maria D. Robbins.

Caloia & Houpt, P.C., Sherry A. Caloia, Barbara P. Kozelka, Glenwood Springs, Colorado, for Intervenor–Appellant.

Opinion by Judge TAUBMAN.

In this dissolution of marriage proceeding, intervenor, the Garfield County Child Support Enforcement Unit (CSEU), appeals from the judgment in which the court found that Paul C. Robbins (father) was not obligated to pay interest on child support arrearages that he owed to Maria Del Carmen Robbins (mother). We affirm.

In 1985, mother obtained a judgment against father for $4,225 in child support arrearages. In 1986, mother applied for child support assistance to help her collect this judgment. However, the record is unclear as to whether CSEU provided mother assistance at that time.

In 1991, mother applied for Aid to Families with Dependent Children (AFDC) and, consequently, assigned to CSEU her rights to child support amounts paid by father. The assignment expired after mother's AFDC benefits terminated and father fully reimbursed CSEU for the amount of AFDC that

had been provided to mother. Though it is unclear when mother's benefits began and when they terminated, the record shows that she received $2,246 in AFDC assistance. According to the record, these benefits were fully reimbursed as of September 1992.

Nevertheless, based on mother's 1991 application for AFDC benefits, CSEU assistance was to continue indefinitely unless mother formally terminated the relationship. Nothing in the record shows when or if mother terminated this relationship. However, between 1992 and 1996, CSEU requested on behalf of mother that father pay child support.

In July 1996, CSEU requested for the first time that father pay interest on his child support arrearages. The trial court concluded that, in its collection efforts on behalf of mother, CSEU either acted as an agent of mother or acted with apparent authority. It further concluded that CSEU and mother had waived any claim for such interest because, prior to July 1996, CSEU had made several requests for payment and representations as to the amount father owed, and none of these requests or representations included an amount for interest. The court determined that, based on their actions, CSEU and mother were estopped from claiming interest because father had reasonably relied to his detriment upon CSEU's representations as to the amounts owed in arrearages. This appeal by CSEU followed.

### I.

CSEU contends the trial court erred in concluding that it was the agent for mother or acted with apparent authority. We agree with CSEU that there was no express agency and that it was not acting with apparent authority between 1991 and September 1992. However, we agree with the trial court that CSEU was acting with apparent authority during the other periods at issue.

Father argues that because mother did not appeal and because CSEU was her agent, CSEU cannot represent her interests on appeal, and therefore, its appeal is moot.

■ A case is moot when a judgment would have no practical effect on the existing controversy. *United Air Lines, Inc. v. City & County of Denver*, 973 P.2d 647 (Colo.App. 1998). Here, our analysis of the agency issues leads us to conclude that, in some respects but not all, the appeal is moot.

We are not aware of any state or federal case law that addresses whether an agency relationship arises out of a child support enforcement unit's actions on behalf of a recipient of AFDC—or its successor program, Temporary Assistance for Needy Families.

■ "An agency ... results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *City & County of Denver v. Fey Concert Co.*, 960 P.2d 657, 660 (Colo. 1998).

■ Apparent authority, also referred to as agency by estoppel, is not actual or express authority, but nevertheless is created by operation of law. *Moore v. Switzer*, 78 Colo. 63, 239 P. 874 (1925). Such authority "is [established by evidence of] written or spoken words or other conduct of the principal which, reasonably interpreted, causes a person to believe that the principal consents to have the act done on his behalf by a person purporting to act for him." *Lucero v. Goldberger*, 804 P.2d 206, 209 (Colo.App. 1990). Apparent authority is created to protect third parties who, in good faith, rely upon their belief that an agency relationship exists between the apparent principal and agent. *Sigel–Campion Live Stock Commission Co. v. Ardohain*, 71 Colo. 410, 207 P. 82 (1922).

■ A trial court's conclusion as to whether apparent authority exists is a factual determination, and therefore, its holding will not be disturbed on review unless clearly erroneous and not supported by the record. *City & County of Denver v. Fey Concert Co.*, *supra; Bohrer v. DeHart*, 969 P.2d 801 (Colo.App.1998).

CSEU argues the trial court erred in concluding that it was mother's agent or that it acted with apparent authority because: (1) based on § 26–13–105(2), C.R.S.1999, it rep-

resents the People of Colorado, not mother; (2) § 26–13–105(2) specifically states that no attorney-client relationship exists between CSEU and applicants, and mother, in her 1986 application, expressly acknowledged that CSEU did not represent her; (3) mother cannot control the actions of CSEU, and therefore, no express agency relationship exists; and (4) the conduct of CSEU and mother's acceptance of CSEU's services did not make CSEU an apparent agent of mother.

■ As set forth above, we agree with CSEU that no express agency relationship existed. Indeed, mother expressly acknowledged that CSEU did not represent her, and based on the record, we conclude that mother could not control the actions of CSEU.

■ In addition, for the period between 1991 and September 1992, CSEU was acting on its own behalf as assignee to collect child support arrearages from father in order to reimburse the department of social services for the amounts of AFDC paid to mother. See In re Marriage of Cespedes, 895 P.2d 1172 (Colo.App.1995) (AFDC recipient, by operation of law, assigns right to receive child support to child support enforcement unit). Thus, no express agency or apparent authority existed for that period.

■ However, as stated earlier, in September 1992, the assignment from mother to CSEU terminated because mother's AFDC assistance had been fully reimbursed. At that time CSEU began collecting the child support arrearages for mother's benefit, even though it was representing the People of Colorado. See In re Marriage of Cespedes, supra.

In its order, the trial court made the following findings. CSEU began collecting child support on mother's behalf in 1991. During that time, CSEU calculated amounts due, communicated with both father and mother regarding monthly payments, accepted and credited payments made by father, refused to credit amounts disputed by mother, and engaged in collection efforts including wage assignments and Internal Revenue Service intercepts.

The record supports the trial court's conclusion that, after September 1992, CSEU acted with apparent authority from mother when it collected child support arrearages from father, and it is therefore estopped from claiming that it did not act as mother's agent.

■ The above discussion relates to father's mootness argument because, after CSEU was fully reimbursed for amounts paid to mother as AFDC assistance, the money it collected from father was solely for mother's benefit. The trial court has already concluded that mother is not entitled to interest on the child support arrearages paid by father. This judgment is final and has not been appealed by mother. Therefore, even if CSEU obtained a favorable judgment and we were to order that mother is entitled to interest, that judgment would have no practical effect in light of the trial court's previous unappealed judgment denying mother's request.

Accordingly, because mother did not appeal the trial court's determination, CSEU's appeal as to interest on amounts collected after September 1992 is moot. However, because from 1991 until September 1992, CSEU was acting on its own behalf, CSEU's appeal is not moot with respect to that period.

## II.

■ CSEU asserts the trial court erred in concluding that it waived the statutory right to interest or was estopped from claiming such interest. We disagree.

As noted above, we address this issue only with respect to the period from 1991 to September 1992 when CSEU acted as an assignee.

■ The assignment entered between CSEU and AFDC recipients applies to both current and accrued support and persists with respect to any unpaid support even after the termination of AFDC benefits. However, once the amount of AFDC benefits has been reimbursed, the assignment of support rights terminates. In re Marriage of Cespedes, supra.

Waiver is the intentional relinquishment of a known right. Waiver may be express, as when a party states its intent to abandon an existing right, or implied, as when a party engages in conduct which manifests an intent to relinquish the right or acts inconsistently with its assertion. To constitute an implied waiver, the conduct must be free from ambiguity and clearly manifest the intent not to assert the benefit. *Burlington Northern R.R. Co. v. Stone Container Corp.,* 934 P.2d 902 (Colo.App.1997).

Whether a waiver occurred is generally regarded as a question of fact, and thus, a trial court's resolution of such issue will not be reversed on appeal unless clearly erroneous. *See Haller v. Hawkeye–Security Insurance Co.,* 936 P.2d 601 (Colo.App.1997); *Bohrer v. DeHart, supra.*

Here, the trial court found that, prior to July 1996, CSEU had not required that father pay interest on child support arrearages, had not advised him that it intended to collect interest, and had not included interest in its calculation of child support amounts due. The court also found that CSEU had made numerous representations concerning the outstanding amount of the child support arrearage, and none of those representations included interest. Based on those findings, the trial court concluded that CSEU had waived its statutory right to interest on child support arrearages and that such waiver was binding on mother.

The record supports these findings. Accordingly, despite the existence of contradictory evidence and inferences, the trial court's determination is binding on appeal. *See Edis v. Edis,* 742 P.2d 954 (Colo.App.1987).

Judgment affirmed.

Judge PLANK and Judge NIETO concur.